STATE OF IOWA ex rel. SAM WILEY, appellee, v. KATHRYN RICH-ARDS and MARY RICHARDS, appellants.

No. 50456.

FEBRUARY 6, 1962.

██ ┤█ 

E. F. McEniry, of Creston, for appellants.

E. L. Carroll, County Attorney, of Creston, for appellee.

HAYS, J.—This is a proceeding under chapter 232, Code of Iowa, wherein Kathryn Richards, age 12, and Mary Lou Richards, age 8, are alleged to be "dependent and neglected children" within the purview of said chapter. After a hearing the trial court held they were dependent and neglected and committed them to the Annie Wittenmyer Institution at Davenport, Iowa.

I. Section 232.2, Code, 1958, defines a "dependent child" or "neglected child." It lists seven situations, any one of which would establish the child as dependent or neglected. Under the instant record only two of them would be applicable. They are: 3) "Is without proper parental care or guardianship"; and 7) "Is living under such other unfit surroundings as bring such child, in the opinion of the court, within the spirit of this chapter." Section 232.39 states "this chapter shall be liberally construed to the end that its purpose may be carried out."

 In State ex rel. Roberts v. Johnson, 196 Iowa 300, 194 N.W. 202, we stated its purpose was to insure a child the care, custody and discipline that should be given by its parents. See also State v. Stemmler, 241 Iowa 417, 41 N.W.2d 21; McKay v. Ruffcorn, 247 Iowa 195, 73 N.W.2d 78; State ex rel. Gering v. Bird, 250 Iowa 730, 96 N.W.2d 100. While on an appeal we review the case de novo, the chapter places considerable discretion in the trial court and its decision is entitled to substantial weight. State ex rel. Gilman v. Bacon,

249 Iowa 1233, 91 N.W.2d 395; State ex rel. Gering v. Bird, supra.

■ The trial court found, without pinpointing any certain reason, that the two girls were dependent and neglected. Under the record which was filed in the case, we would have difficulty upholding the trial court as it contains very little of the testimony taken at the hearing. We have, however, examined the transcript filed in the case and are not inclined to change the decision made.

Little is to be gained, and much damage might be done to the two girls, by a lengthy rehearsal of the facts. Suffice to say the record shows they live with their mother, their father having died. They have two brothers in the State Reform School. They are allowed to roam the streets late at night, are addicted to the use of vile language and appear to have outgrown any parental care their mother seeks to give them. There is nothing in the record showing the mother is not a fit person, morally, to care for them. It is in the record she spends some evenings in taverns while her children roam. While under the record we would hesitate to brand these girls as "bad" we do find that, under present conditions, they are headed in that direction. The trial court clearly considered the welfare of these girls called for a commitment and we agree.—Affirmed.

All JUSTICES concur.