In the Interest of Harold DE ROCHER and
Hans De Rocher, Children.

No. 54674.

Supreme Court of Iowa.

June 17, 1971.

Kurth & Bunger, Carroll, for Marie DeRocher, appellant.

Robert D. Nelson, Audubon, for appellee, State of Iowa.

Dale D. Levis, Audubon, for appellees, Harold DeRocher and Hans DeRocher.

LeGRAND, Justice.

This tormenting appeal requires us to pass on the fate of two young boys, Harold DeRocher and his brother, Hans, who are alleged to be dependent and neglected children within the meaning of section 232.2, The Code.

More than three years ago these charges were first brought by the juvenile probation officer of Audubon County. Harold was then 11, Hans, eight. After a hearing at which the boys and their mother, Marie DeRocher, appeared, the court found the children to be dependent and neglected and ordered that they be "temporarily committed to the care and custody of the director of Social Services in Audubon County", who was instructed to find a suitable foster home for them.

Four months later Marie DeRocher filed an application asking that the children be returned to her care. A hearing on this application was not held for almost a year, and when it was, the mother's request was denied.

Several months later she filed another application for termination of the tempo-

rary commitment of her children. A hearing on this application resulted in an order which returned the children to her care under the continued control of the court as permitted by section 232.33, The Code. The case was referred to the juvenile court of Polk County, where Marie De-Rocher then lived, for supervision and subsequent report to the juvenile court of Audubon County.

Still another hearing concerning these young boys was held on August 4, 1970, on the juvenile court's own motion. On that date the court found "that it would be in the best interest of said Harold and Hans DeRocher to transfer [their] legal custody to the Audubon County Department of Social Services." This is the order from which an appeal has been taken by the mother. The boys, represented by separate counsel, are listed as appellees.

Mrs. DeRocher raises two propositions relied on for reversal: (1) The order of August 4, 1970, is invalid because there was no finding that the children were neglected and dependent; (2) The evidence is insufficient to support a finding of neglect or dependency.

■ I. We dispose of the first proposition with only brief comment. Mrs. De-Rocher complains because the order on the last hearing did not contain a specific finding of either dependency or neglect. It merely held the boys should be placed in the custody of the Department of Social Services. It must be remembered, however, that there had been a previous finding of dependency and neglect in the original order; that the juvenile court properly exercised a continuing supervision and retained jurisdiction under the provisions of section 232.36, The Code; and that the juvenile court may make new orders from time to time under such continuing jurisdiction without reaffirming in each instance the findings upon which the original commitment was made.

We believe the clear intention of chapter 232 is to provide for the exercise of continuing control, supervision and jurisdiction by the juvenile court over its minor subjects until the cause is dismissed or otherwise terminated. We hold there is no merit in the mother's first proposition.

II. Her second proposition challenging the sufficiency of the evidence to sustain a finding of dependency and neglect is a troublesome one. Before reviewing the evidence which we consider decisive, we state the general principles controlling our decision.

They are: (1) Our review is de novo; (2) a presumption exists that the best welfare of a minor child is served by parental custody; (3) this presumption is rebuttable; (4) the findings of the lower court are entitled to substantial weight but we are not bound by them; and (5) the provisions of chapter 232 are to be liberally construed to protect the welfare of the child. State ex rel. Gilman v. Bacon, 249 Iowa 1233, 1237, 91 N.W.2d 395, 398 (1958); State ex rel. Gering v. Bird, 250 Iowa 730, 735–737, 96 N.W.2d 100, 103, 104 (1959); State ex rel. Wiley v. Richards, 253 Iowa 679, 680, 113 N.W.2d 285, 286 (1962); State ex rel. Bruner v. Sanders, 256 Iowa 999, 1007, 129 N.W.2d 602, 607 (1964); Stubbs v. Hammond, 257 Iowa 1071, 1075–1077, 135 N.W.2d 540, 543 (1965); In re Interest of Morrison Children, 259 Iowa 301, 306, 144 N.W.2d 97, 100 (1966); In re Interest of Donald Yardley, Jr., 260 Iowa 259, 265–269, 149 N.W.2d 162, 166, 167 (1967); section 232.1, The Code. All parties concede these well established and frequently repeated rules. They disagree only about their application to the facts shown by this record.

■ That record shows Mrs. DeRocher has long had difficulty with these boys. There were early incidents of vandalism and petty theft. According to some witnesses they were permitted to "run wild" and were without parental control or discipline. After their original placement in the foster home of Allen Ticknor in 1967,

both their behavior and attitude improved. They were happy and well adjusted.

They remained in the foster home for about 15 months and were then permitted to return to their mother's home by an order of August 28, 1969. They remained with her for approximately a year, living in Des Moines where she was then employed. During that period the same conduct which had precipitated the juvenile court proceedings in the first place recurred. They had several brushes with the police and juvenile court over small thefts. They turned up with extra bicycles and baseball gloves which they had "found". Their school attendance was unsatisfactory. Hans was involved in an altercation with a storekeeper where he and other young boys were causing a disturbance which the police were called to terminate.

There is also some evidence that Mrs. DeRocher had neglected the physical welfare of the children, particularly Hans, who had a badly infected toe requiring immediate medical attention when he returned to the Ticknor home during the early summer of 1970.

During the time this case has been in juvenile court, it is significant that the only incidents of misconduct were during the relatively brief period Mrs. DeRocher had the boys with her. Otherwise their conduct has been blameless. In fairness to Mrs. DeRocher it should be noted she has tried gallantly to be a good mother. She has reared the children by herself virtually since their birth. She tried to train herself for employment which would afford support for her and the children. She received no help, either financial or otherwise, from the father. She was simply overwhelmed by the task confronting her and, unfortunately, has proven unequal to it.

Neither the trial court nor this one has —or claims—omniscience. It is never a pleasant task to separate parent and child. We can only take the record as we find it and reach a conclusion which appears to be for the best interest of the children. Both the statute and our previous decisions demand that we do so. In matters of this kind we have said several times that what has happened in the past presages what we may expect in the future. In re Interest of Morrison Children, supra, 259 Iowa at page 306, 144 N.W.2d at page 103; In re Interest of Donald Yardley, Jr., supra, 260 Iowa at page 269, 149 N.W.2d at page 167; In re In the Interest of Warren, a child, 178 N.W.2d 293, 298 (Iowa 1970). If this be true, the future of these boys holds out little hope, should they be returned now to their mother's custody. In the years immediately ahead they will demand more, not less, guidance, discipline, and control. Despite her best efforts, Mrs. DeRocher has proven unable to supply these in the past. There is nothing to suggest she can do so now.

We have reviewed the record carefully. We have given due regard to the findings of two juvenile judges who have heard this case. We have accorded the mother the starting presumption that the best welfare of her children would be served by having them with her. We conclude the trial court was right and that the boys should remain under the custody of the Department of Social Service and be kept where they have been for the better part of the past three years and where they have established their life as well adjusted, contented, disciplined youngsters.

The order appealed from is therefore affirmed.

Affirmed.

All Justices concur except MASON, J., who dissents, and REYNOLDSON, J., who takes no part.