**In the Interest of Dennis Lee MEYER, a child.**

No. 55836.

Supreme Court of Iowa.

Feb. 21, 1973.

Pat W. Brooks, Marshalltown, for appellants.

Richard C. Turner, Atty. Gen., Lorna Lawhead Williams, Sp. Asst. Atty. Gen., and Harold Pahlas, Elkader, for appellees.

Heard before MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ.

HARRIS, Justice.

Respondents, a child and his parents, appeal from the juvenile court's finding the child is a neglected child within the meaning and intent of subsection 15(b) of section 232.2, The Code. We reverse.

On December 27, 1971 the Clayton County Attorney filed a petition in the juvenile court of Clayton County stating Dennis Lee Meyer was a neglected child within the meaning and intent of 232.2, subsec. 15(d). The subsection provides:

"15. 'Neglected child' means a child:

" *    *    *

"d. Who is living under conditions injurious to his mental or physical health or welfare."

The petition has not been amended. When the juvenile court rendered its decision on March 13, 1972 it found the boy neglected, not under the Code section pleaded, but under subsection 232.2, subsec. 15(b). That subsection provides:

"15. 'Neglected child' means a child:

" *    *    *

"b. Who is without proper parental care because of the emotional, mental, or physical disability, or state of immaturity of his parents, guardian, or other custodian."

Respondents claim it was error to assert neglect under one subsection and find it under another. We agree.

■ I. From the inception of the juvenile court system, wide differences were tolerated between the procedural rights accorded adults and those accorded children brought into juvenile court. This double standard was abrogated by the landmark case of In the Matter of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. Gault applied those fundamental rights which comprise the concept of due process to juvenile court procedure. Among those fundamental rights is notice of charges. The Supreme Court in Gault held:

" *    *    * Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must *'set forth the alleged misconduct with particularity.'* *    *    * Notice at that time is not timely; and even if there were a conceivable purpose served by the deferral proposed by the court below, it would have to yield to the requirements that the child and his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such *written notice* be given at the earliest practicable time, *and in any event sufficiently in advance of the hearings to permit preparation.*" (Emphasis added) 387 U.S. at 33, 87 S.Ct. at 1446, 18 L.Ed.2d at 549.

■ The legislature has provided four different grounds for adjudication that a child is neglected under subsection 232.-2(15), The Code. Although these grounds may to some extent be similar there can be different defenses to the different grounds. It was a denial of due process to respond-

ents to charge neglect under one ground then find neglect under another.

The State relies on State ex rel. Wiley v. Richards, 253 Iowa 679, 113 N.W.2d 285 where we held the trial court could find a child to be neglected without relying on any particular provision in section 232.2, The Code, 1958. Gault has since required a more specific charge.

 II. Our reversal is without prejudice to the State to file a new petition, to give proper notice, and proceed again. Accordingly it is appropriate for us to consider the admission into evidence of psychological reports concerning the child. Their admission was error. No foundation for the reports was laid. Those making the reports were not produced for cross-examination and their unavailability was not established. The admission of these exhibits was vigorously objected to on the basis of In re Delaney, 185 N.W.2d 726 (Iowa 1971).

In Delaney we explained the admissibility requirements of a report such as those offered in these proceedings. If the persons making the reports are presented for cross-examination the requirements of Gault are satisfied. If such witnesses are not produced their unavailability must be shown. If the exhibits have been seasonably furnished to counsel for the juvenile or his parents such counsel must show he has exhausted process in attempting to secure the presence of the witnesses. Where the juvenile sustains that burden the evidence in the report will not be considered unless it is otherwise admissible under an exception to the hearsay rule.

The record here is devoid of any foundation for such reports and they should not have been admitted. We note especially there was no showing the exhibits were furnished counsel for the juvenile or his parents in time for reasonable examination before trial.

The cause must be and is hereby

Reversed.

MOORE, C. J., and LeGRAND and REES, JJ., concur, and UHLENHOPP, J., concurs specially.

UHLENHOPP, Justice (concurring).

I concur in division I. As to division II, I adhere to the views expressed in the dissenting opinion in In re Delaney, 185 N. W.2d 726 (Iowa). However, Delaney is the law, and I therefore concur in division II of the present opinion.