VANDALL V. VANDALL *et al.*

1. PRACTICE: WAIVER. A party cannot consent by his presence and silence to the action of the court and afterwards avail himself of an objection thereto which should have been made at the time.

2. RECORD OF THE EVIDENCE. A record purporting to set out the evidence heard in a cause on the trial below, but which is detached from the transcript, and is not certified as either a part or all of the evidence, will not be considered by the Supreme Court.

3. FRAUD IN SALE. When the evidence showed that the grantor and grantee of real estate sustained to each other the relation of parent and child; that the grantor was indebted in a considerable sum, and desired to avoid the payment of the same; that the sale was made on the day the debtor demanded security for his debt; that the deed was hurriedly executed and placed on record; that the grantee borrowed all of the purchase money, and the same money was returned to the lender within a few days, and that the property conveyed embraced all the property belonging to the debtor and grantor non-exempt from execution; it was held sufficient to overcome the allegations of an answer by defendants denying fraud, and to authorize a decree declaring such sale void.

*Appeal from Clarke District Court.*

TUESDAY, JUNE 3.

BILL to cancel a conveyance made for the purpose of defrauding creditors. The court submitted the following special issues to a jury:

1. Did the defendant, E. C. Vandal, make the conveyance in question to the other defendant, Isaac Fouch, for the purpose of and with the intent of avoiding the payment of plaintiff's claim, and to prevent a collection of the same?

2. Did the defendant, Isaac Fouch, take the conveyance in question with a knowledge that the same was made for the purpose and with the intent of avoiding the payment of plaintiff's claim, and to prevent a collection of the same?

3. Was the consideration in good faith paid at the time of making said conveyance?

4. Was there an understanding between the said defendants that the money paid upon the execution of the deed in question should be returned to the person from whom it was received.

Upon the first three propositions the jury found affirmatively, and upon the fourth negatively. A motion to set aside the finding was overruled by the court, and a decree was entered in accordance with the prayer of plaintiffs' bill. The defendants appeal.

*D. W. Scoville* for the appellant, as to the effect of plaintiffs' answer as evidence, cited *Waldron, Administrator*, v. *Zollikoffer*, 3 Iowa, 108; *Davis* v. *Stevens*, Id., 158; *Clark* v. *Langworthy*, Id., 563; *The State of Iowa, ex rel. The Attorney General*, v. *Tilghman et al.*, 6 Id., 496.

*P. J. Goss* and *C. C. Cole* for the appellee, as to the discretion of the chancellor in sending issues to the jury, cited *Brewington* v. *Patton and Swan*, 1 Iowa, 121; *Denham* v. *Benedict*, 1 G. Greene, 74; *Mackemer*, v. *Benner*, Id., 157; *Saum* v. *Jones County*, Id., 165; *Hemphill* v. *Salladay*, Id., 301; *Johnson et al.* v. *The United States*, Morris, 423; *Fanning* v. *McCrarey*, Id., 398.

BALDWIN, C. J.—It is claimed by the counsel for the appellants, that the court erred in submitting the questions of fact arising in said suit to a jury, there being no question of fact therein involved in doubt, in which the court desired the finding of a jury. It appears from the record, that four questions of fact were submitted to the determination of a jury as arising out of the evidence and pleading in the cause. It is not denied by counsel but that a chancellor may submit, under our chancery practice, certain issues of fact for the special finding of a jury; but it is claimed that from the pleadings and evidence as before the court when this cause was ordered to be so submitted, the

equities were so clearly with the respondent that no such reference was necessary. There are two objections to this position of the appellants' counsel, that meet us at the very threshold of his argument.

*First.* No objections were made to such submission by the counsel at the time. The party was present when such order was made, and, nothing appearing of record to the contrary, his consent to such order is presumed to have been given at the time. A party cannot sit by and consent to the action of the court, and afterwards avail himself of an objection that should have been made at the proper time.

*Second.* We cannot determine from the record before us what the evidence was upon which the court made the reference objected to now for the first time. There is a record before us, purporting to be the evidence taken in this cause. It is, however, detached from the transcript of the cause, and not certified to as either a part or all the evidence before the court when it ordered the reference, or rendered the final decree.

There is, however, a statement made by counsel for the appellants, of the evidence upon which the decree was entered, to which no exceptions were taken by the counsel for the appellee; and assuming that it would be proper to determine the cause upon this statement alone, we are unable to conclude that there was any error in the finding of the jury, or in the judgment of the court.

The complainant seeks to set aside a sale of certain real estate by the respondent, Vandall, to her father, Fouch, made for the purpose, as it is alleged, of defrauding the complainant, her creditor. The respondents are called upon to answer certain interrogatories, propounded to them in the petition, in relation to the sale. The answers are fully responsive, and deny all collusion and fraud, and aver that such sale was made in good faith and for a valuable consideration. Had the cause been submitted upon the

answers of the respondents, without further evidence, as was the case in *Culbertson & Reno* v. *Luckey et al.*, *ante*, there could have been no doubt as to the duty of the court to have found for the respondents. It appears that other evidence was introduced to controvert these answers, and from the circumstances surrounding the transaction, such as the relation of the parties; the express desire of the respondent to avoid the payment of the debt; the sale on the day the note was asked to be secured; the haste to procure the officer to take the acknowledgment, and to place the deed on record; the fact that the father had to borrow all the purchase money, and the same money was returned to the person who loaned it, in a few days thereafter; the fact that the property sold was all the respondent had subject to sale under execution; and many other matters as detailed by the witnesses, all combined, tend to raise such presumptions of fraud, as to contradict the answers and justify the court in its decree.

Affirmed.