**In the Interest of J.F. and K.M., Minor Children,**

**K.M., Natural Mother, Appellant.**

No. 85–767.

Court of Appeals of Iowa.

Feb. 26, 1986.

Dennis Clark, Iowa City, for appellant.

Jean C. Lawrence of Mears, Zimmermann & Mears, Iowa City, guardian ad litem for the children.

Clemens Erdahl, Iowa City, for appellee R.F., father of J.F.

Thomas J. Miller, Atty. Gen., and Charles Phillips, Asst. Atty. Gen., for appellee State.

Heard by SCHLEGEL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

The natural mother appeals the modification of a dispositional order transferring temporary custody of 7-year-old J.F. from the Department of Human Services to his natural father, and directing that K.M. remain in foster care. The mother contends the court erred: (1) in ruling on the natural father's motion to set aside the dispositional order and request to transfer custody; (2) in delaying the mandatory six-month review hearing and exceeding the placement options available to the court under Iowa Code section 232.102; (3) in exceeding its authority to modify a dispositional order under Iowa Code section 232.103; (4) in finding there was sufficient evidence to justify modification of the previous dispositional order and separation of the children; and (5) in not applying the proper standard in determining change of placement. We reverse, modify, and remand.

The minor children, J.F., a boy born in 1976, and K.M., a girl born in 1980, first came to the attention of the Department of Human Services on February 7, 1982. At the time they were living with their natural mother and K.M.'s father, M.M. Over the next twelve months several reports were filed showing physical abuse, denial of crit-

ical care, unsanitary conditions, drunkenness on the part of both parents and death threats by M.M. M.M. was involuntarily committed for a short time in 1983 due to actual violence and threats against his family. Police intervention at home was required several times. Both parents were chronically unemployed and eventually evicted from their apartment.

On February 7, 1983, a CHINA petition was filed on the ground the children were in danger of abuse, neglect, and harm from lack of proper supervision. The children were subsequently removed from the home and adjudicated in need of assistance. The children were ordered to remain in foster care until the dispositional hearing unless M.M. moved out of the mother's home.

The social history filed in the case showed domestic violence, alcoholism, and denial of critical care for the children. Neither parent had been employed since fall of 1982.

On May 5, 1983, the dispositional order was filed. It indicated that the children could not be protected if placed back in the home of the mother and M.M. Two months later, J.F.'s natural father, R.F., filed a petition for intervention stating he had not received notice of the CHINA proceedings. The petition was granted and the Department of Human Services initiated a home study of R.F.'s home in Susanville, California. R.F. indicated that as far as he knew he and the mother had never been divorced. At the hearing, he testified he retained the marital status to increase his chances of eventually obtaining custody of J.F.

In November, attorneys for the mother and M.M. requested a six-month review hearing and applied to have the children returned. R.F. resisted. The court subsequently filed an order setting the review hearing for January 1984.

On December 13, 1983, R.F. filed a motion to be made a party to the proceedings, a motion to have custody of his son J.F. transferred to him, and a motion to set aside the dispositional order on the ground that he did not receive notice. The court entered an order indicating that the motions would be considered at the January hearing.

R.F. came to Iowa to attend the upcoming hearing and immediately obtained temporary employment in the housing trades. On January 26, 1984, a full evidentiary hearing was had. The following month, the referee entered an order vacating the dispositional order as to J.F. and placed custody with R.F. The Department was ordered to supervise placement with the father through the interstate compact. The other child, K.M., was to remain in foster care for at least three months. The mother's application for rehearing was denied and the referee's decision was affirmed by the juvenile court. This appeal followed.

Our de novo review of the record reveals procedural irregularities and several instances of noncompliance with the Juvenile Code. *See* Iowa Code ch. 232 (1985).

In the early months of 1983, the children in this action were adjudicated in need of assistance and custody was transferred to the Department of Human Services. Pursuant to Iowa Code section 232.38, the children's parents were entitled to reasonable notice of these proceedings. R.F., the natural father of J.F., never received notice. Apparently, no effort was made to contact him.

R.F. found out about the proceedings in March 1983, although not as a result of statutory notice. At that time, he was entitled to have the dispositional order vacated. *See Stubbs v. Hammond,* 257 Iowa 1071, 1076, 135 N.W.2d 540, 544 (1965); *see also* Iowa Code section 232.103 (1985). R.F., however, did not request this relief. Instead, in July 1983 he intervened in the proceedings and requested that a home study be done of his residence in California. It was not until December of 1983 that R.F. filed a motion to "set aside" the dispositional order.

On appeal, the natural mother complains that it was error for the juvenile court to grant this motion and vacate the dispositional order. We agree.

▮▮▮ While R.F. originally had the right to have the dispositional order vacated, through his own actions this right was waived. Rather than challenge the validity of the order in March, R.F. voluntarily appeared by way of intervention and acquiesced to the jurisdiction of the court for ten months. Based on these facts, R.F.'s motion to set aside the dispositional order should have been denied. Where a party consents to an action by his presence and silence, he is estopped from later challenging the validity of the proceedings. *See Vandall v. Vandall,* 13 Iowa 247, 249 (1862); 31 C.J.S. *Estoppel* § 115 (1964).

▮▮▮ Our holding in this respect does not require a new hearing. Although the court should not have vacated the dispositional order, there were sufficient grounds for modification of the order pursuant to Iowa Code section 232.103. A modification of custody or placement under the juvenile code requires a material and substantial change in circumstances. *In re Leehey,* 317 N.W.2d 513, 516 (Iowa Ct.App.1982). In our de novo review of the record we conclude that this standard is satisfied.

The record is replete with evidence that J.F.'s natural father is capable and willing to provide him with a stable home environment. Two California social reports were filed in December and January on R.F.'s behalf. He was noted to be a high school graduate with two years of community college who was self-employed as a lumber-cutting contractor. He had a supportive extended family in the Susanville area. He planned to move into a rented three-bedroom home. One social worker's report noted that he is "a gentle, friendly, hard-working man, who I believe can provide J.F. with a stable environment.... [T]he love and concern he showed for J.F. is genuine."

J.F.'s interest in his son's well-being is evidenced by his move to Iowa to attend the January 1984 hearing and his efforts to secure temporary employment in the area. R.F. testified he had made schooling and baby-sitting arrangements for J.F. He also testified that he wanted to teach his son about his Mexican heritage. There is no indication that R.F. has ever been violent toward J.F. or the natural mother.

Since R.F. was never notified of the proceedings, none of the facts regarding R.F. were available at the time the original dispositional order was filed. The subsequent discovery of R.F.'s ability to provide a stable environment for his child constitutes a sufficient change in circumstances and warrants modification of the original order.

▮▮▮ The natural mother points out that pursuant to section 232.103(3) she was entitled to reasonable notice of the proceedings to modify or vacate the dispositional order. She claims that the failure to personally serve her with notice constitutes reversible error. We disagree.

The January hearing was originally scheduled as a review hearing pursuant to section 232.102. However, a subsequent order revealed that the court also intended to consider R.F.'s "Application to Modify Prior Dispositional Orders." The court also indicated its intention at the hearing by stating, "this matter comes on for hearing pursuant to multiple applications for modification of prior dispositional orders." Further, at the outset of the hearing the State recommended that J.F. be placed with his father. This recommendation was echoed by the guardian ad litem, R.F.'s attorney, and a social worker.

Based on these facts, we cannot conclude that the mother's failure to receive notice entitles her to a new hearing. It is apparent from the record she was aware the court would consider a transfer of custody either by vacating or modifying the dispositional order. It is further apparent that the mother had a fair opportunity to present evidence on the issue. Thus, we find that no prejudice resulted.

It is not our intention to condone noncompliance with the statutory notice requirements. R.F. should have been notified of the adjudicatory hearing and the dispositional hearing. Further, the natural mother should have received formal notice of the proceedings held pursuant to section

232.103. Yet, for the reasons we have discussed, the notice problems do not necessitate a new hearing. We also note that at this juncture little would be accomplished by requiring additional proceedings. A full hearing was had concerning the transfer of custody and it is apparent from the record that it is in J.F.'s best interests to remain with his natural father.

Our holding today can be summarized as follows. The juvenile court erred in vacating the dispositional order and we reverse on this issue. However, in our review of the record we conclude that circumstances warrant a modification of the order and a transfer of temporary custody to the father. The dispositional order is reinstated as modified herein. We remand for an order to be entered accordingly.

As a final point, we note two additional procedural problems apparent from the record. Although the natural mother and M.M. specifically requested a review hearing, the hearing was not held within six months of the dispositional order as required by statute. *See* Iowa Code § 232.-102(6) (1985). Additionally, for reasons unexplained in the record, the juvenile court did not rule on the mother's application for rehearing for over a year. While these factors do not effect our decision today, we caution the juvenile court to avoid such irregularities in the future. The best interests of the children and the interests of other parties involved require compliance with the code and the avoidance of unnecessary delays.

REVERSED, MODIFIED, AND REMANDED.