**In the Interest of M.L.M. and K.D.M., Minor Children,**

**S.D., Father, Appellant.**

**No. 90–617.**

Court of Appeals of Iowa.

Oct. 23, 1990.

---

John P. Messina, Des Moines, for appellant father.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Judy Sheirbon, Asst. Atty. Gen., for appellee.

Heard by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

Appellant, the father of M.L.M. and K.D.M., appeals the trial court's order terminating his parental rights. He contends he was denied due process of the law because he was not notified of and included in the child in need of assistance action which preceded the filing of the termination petition. He contends the law must afford him a meaningful remedy.

We agree with the father he should have been notified of the filing of the child in need of assistance petition and should have been allowed to participate in the child in need of assistance action. We find, however, under the facts of this case the termination should be affirmed.

A petition asking the children, born in 1984 and 1985, be found children in need of assistance was filed in 1988. The petition alleged the mother had physically abused and neglected the children. The mother was notified of and participated in the child in need of assistance proceedings. An attempt was made to notify the father by certified mail that the action had been filed. The notice reversed the father's first and last names and transposed several numbers in his address. It was not delivered. When the notice was returned undelivered, no further attempt was made to notify the father of the child in need of assistance proceeding. Through the child in need of assistance proceedings, a series of services were offered to the mother and children. The mother, however, ultimately became convinced she could not handle the children's problems. She agreed to termination.

On September 28, 1989, the State petitioned for termination of the children's parental rights, alleging the mother had consented to the termination and the father's parental rights should be terminated because he had abandoned or deserted the children within the meaning of Iowa Code section 232.116(1)(b) (1989).

This time the father was notified and he moved to dismiss the termination action because he had been excluded from the child in need of assistance proceedings. His motion was denied. After hearing evidence, the trial court terminated both parents' parental rights. This appeal followed.

Appellant father is black. The mother is white. The parents never married. The father's paternity was established through legal procedures. The children were born in January 1984 and November 1985. The

children lived with their mother. The father had almost no involvement with the children. The mother testified it was because the father was not interested; the father testified it was because the mother moved frequently and threatened to have him arrested if he contacted the children. The father has made no financial contribution to the support of the children, despite being ordered to do so in the paternity actions.

The father has been incarcerated since the summer of 1989 on a conviction for conspiracy to deliver cocaine. He expects to be released soon. He is married. His wife is regularly employed. She lives in Sioux City. The couple contended they wanted the children, and the father's wife contends she is ready to assume responsibility for the children. She contends she wants a family. Apparently she has tried to have children of her own but has been unsuccessful. Her current income is insufficient to support the children. She does not have adequate housing for the children. If she were to receive the children, aid to dependent families would be available to help her meet these deficiencies.

However, there are justifiable concerns about the stability of this marriage. The parties had a long and sometimes turbulent courtship. Their marriage did not take place until after the father's incarceration. The children have problems that will make parenting difficult. This woman has had no parenting experience. The father's incarceration leaves him unable to care for the children. A review of his life prior to incarceration shows he has been convicted of assault and has been abusive to both his wife and the mother of these children.

■ The father contends he should have the opportunity to parent these children. He argues he was denied this opportunity because he was not notified of the child in need of assistance proceeding. The father was not notified of the child in need of assistance proceeding. We also find no diligent search was made to locate him to notify him of the proceedings. We agree with the father that he should have been notified.

Notification of the pendency of a child in need of assistance proceeding shall be served upon known parents. Iowa Code §§ 232.88 and 232.37(2). Pursuant to section 232.88, the children's parents were entitled to reasonable notice of the child in need of assistance proceedings. *In re J.F.,* 386 N.W.2d 149, 151 (Iowa App.1986). Even if the father had abandoned the children, if his whereabouts was known or ascertainable, he should have been notified. *See generally Stubbs v. Hammond,* 257 Iowa 1071, 1075, 135 N.W.2d 540, 543 (1965).

The involvement of custodial as well as noncustodial parents when the custodial parent has failed is frequently in the child's best interest because the noncustodial parent may be a resource for assistance for the child. We also agree with the argument advanced by the father that a child in need of assistance proceeding plays an important role in the rehabilitation of parents who are unable to adequately care for their children.

We agree with him that he should not have been excluded from that process. We also consider his argument the exclusion was a form of discrimination against him because he was black and the mother was white. While we recognize the need for sensitivity to the problems of this biracial unit, we find no evidence, nor does the father point to any, which would support a finding the failure to give the father notice was the result of a racial prejudice. We do not, however, accept the father's argument the failure to include him in the child in need of assistance proceeding requires a reversal of the termination and a remand to include him in the child in need of assistance proceeding.

■ We affirm the termination because there is clear and convincing evidence (1) the father abandoned the children, and (2) the father cannot assume care of the children or provide a safe and sure environment for them in the reasonable future. From the evidence, we find this father was entirely absent from the lives of these children since birth. He has provided virtually no care and no financial or emotional as-

sistance. From the evidence, we find he knew or could have known the whereabouts of these children. He chose to ignore them. We find clear and convincing evidence to support a finding this father abandoned these children. He intended to and did give up his parental rights and responsibilities. *See In re Goettsche,* 311 N.W.2d 104, 106 (Iowa 1981); *In re S.K.C.,* 435 N.W.2d 403, 404 (Iowa App.1988).

Additionally, as the father recognizes, termination of parental rights for desertion under section 232.116(1) does not require a previous child in need of assistance proceeding or offering of services to assist with parenting. We affirm.

AFFIRMED.