# IN THE COURT OF APPEALS OF IOWA

No. 17-0663
Filed June 21, 2017

**IN THE INTEREST OF A.S.,**
**Minor Child,**

**T.S., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Linn County, Susan F. Flaherty, Associate Juvenile Judge.

A mother appeals the juvenile court's modification of a dispositional order.

**AFFIRMED.**

Ellen R. Ramsey-Kacena, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Kimberly A. Opatz of Linn County Advocate, Cedar Rapids, guardian ad litem for minor child.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

A mother appeals from the juvenile court's modification of a dispositional order to remove her child from her care pursuant to Iowa Code section 232.103(4)(c) (2017) (providing the court may modify a dispositional order if "[t]he efforts made to effect the purposes of the order have been unsuccessful and other options to effect the purposes of the order are not available"). She argues removal is not in the child's best interests.[1] We review her claim de novo. *See In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

The family came to the attention of the Department of Human Services (DHS) in February 2016 when the child tested positive for exposure to marijuana at birth. The family appeared to be doing well after one month of participation in voluntary services, and the DHS closed the case. However, in August 2016, the mother tested positive for benzodiazepines, opiates, and marijuana after the car she was driving collided with a large truck, causing her car to flip several times. Because the child was in the car with the mother at the time and not properly restrained in a child safety seat, the State charged the mother with child endangerment with injury in addition to operating while intoxicated. The State filed a petition to adjudicate the child in need of assistance (CINA), and the juvenile court adjudicated the child to be a CINA in November 2016.

---

[1] The mother also argues the juvenile court "erred in finding the State had established a substantial and material change for modification of the dispositional order by clear and convincing evidence." Her argument is based on a line of cases adopting this standard for modification of the custody provisions of a prior dispositional order. *See In re J.F.*, 386 N.W.2d 149, 152 (Iowa 1986). However, we have recently recognized this precedent was superseded by legislative amendment that no longer requires the juvenile court find a substantial change in circumstances as a prerequisite to modifying a dispositional order. *See, e.g.*, *In re A.J.*, No. 16-1954, 2017 WL 1278366, at *3 (Iowa Ct. App. Apr. 5, 2017).

The juvenile court entered a dispositional order in December 2016. Because the mother had failed to follow through with drop-in services following the CINA adjudication, the juvenile court ordered the mother to enroll the child in protective daycare. When the mother failed to enroll the child in protective daycare, the State moved to modify the dispositional order. The mother's participation in services and drug testing also failed to improve, and in February 2017, the mother again tested positive for opiates, as well as hydrocodone.

Following a hearing, the juvenile court entered its order modifying the previous dispositional order. The court found that modification was warranted because: (1) the child is at ongoing risk of imminent harm based on the parents' use of opiates and marijuana, (2) the reasonable efforts made to prevent the removal have been unsuccessful, and (3) allowing the child to remain in the home would be contrary to the child's best interests. As a result, the juvenile court ordered the child's removal from the home.

Clear and convincing evidence supports the determination that removal from the home is in the child's best interests. The DHS has provided reasonable efforts to address the risk posed to the child by the mother's substance abuse. The mother has failed to take advantage of these services, and she continues to struggle with her drug dependency. The mother cannot safely parent the child while abusing substances. Even after the serious collision she was involved in while under the influence of controlled substances, the mother continues to lack awareness of the danger she poses to her child. The juvenile court found the mother's claims she was now going to follow through with services were not credible. See J.S., 846 N.W.2d at 40 (noting that although we are not bound by

the juvenile court's fact findings, we give them weight, especially those concerning witness credibility). Removal is necessary to protect the child and is therefore in the child's best interests.

**AFFIRMED.**