**IN THE COURT OF APPEALS OF IOWA**

No. 18-0921
Filed September 12, 2018

**IN THE INTEREST OF T.I. and M.I.,**
**Minor Children,**

**K.S., Mother,**
        Appellant.
_____


        Appeal from the Iowa District Court for Marshall County, Paul G. Crawford,

District Associate Judge.


        A mother appeals the order removing her children from her care.

**AFFIRMED.**


        Norma J. Meade of Moore, McKibben, Goodman & Lorenz, LLP,

Marshalltown, for appellant mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Mary Cowdrey of Public Defenders Office, Marshalltown, guardian ad litem

for minor children.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A mother appeals following the entry of a May 7, 2018 order removing her children from her care, arguing removal was improper. We review her claim de novo. *See In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). In doing so, we give weight to the juvenile court's fact findings, although we are not bound by them. *See id.*

**I. Background Facts and Proceedings.**

The children were initially removed from the mother's care in September 2017 due to her alcohol and substance abuse, and they were later adjudicated children in need of assistance under the definition set forth in Iowa Code section 232.2(6)(c)(2) and (n) (2017). The children were placed with their maternal grandparents. Thereafter, the mother made much progress in her sobriety and in addressing her issues with alcohol and marijuana. As a result, the juvenile court entered a stipulated modification of CINA dispositional order on April 13, 2018, continuing the CINA adjudication under section 232.2(6)(c)(2) but returning the children to the mother's care.

Two weeks later, the children reported discovering marijuana in the mother's home. They were afraid for their safety and expressed their concerns to school officials. The mother was charged with possession of marijuana, possession of drug paraphernalia, and child endangerment. A no-contact order was entered.

The State filed a motion for temporary removal and motion to modify disposition, and the court entered an ex parte order for temporary removal pursuant to section 232.78 finding "removal is necessary to avoid imminent danger to the child[ren]'s life and health and there is insufficient time to file a petition and

hold a hearing under Iowa Code section 232.95." The court further found the mother was on probation at the time for child endangerment under similar circumstances. The order provided the children be in the temporary custody of the Iowa Department of Human Services (DHS) for placement in the home of a relative or suitable person or in foster care.

A removal hearing was set for May 4, 2018—within ten days of the temporary removal order. *See* Iowa Code § 232.95(1).[1] After the May 4 contested removal hearing, the court ordered the children "remain removed" from the mother's custody. The mother appealed.[2]

**II. Discussion.**

On appeal, the mother asserts it was not proper to remove the children pursuant to section 232.95 when there was a dispositional order that placed the children with her. It is not clear from her petition on appeal whether she is challenging the court's order from a procedural standpoint or whether she challenges the sufficiency of evidence upon which the juvenile court made its ruling. At the hearing she argued,

> Your Honor, it's my opinion that the case law doesn't support the—the process that the State used in order to remove the children

---

[1] Curiously, the order states: "Pursuant to Iowa Code section 232.44 is set within ten days (sic)." Section 232.44 does not apply to a child placed in accordance with section 232.78. Iowa Code § 232.44(11).

[2] While the appeal was pending, the juvenile court entered a stipulated order on CINA dispositional review after the parties waived the hearing and advised the juvenile court they "agreed to the entry of the order set forth below." In that order, the court found "that it would be contrary to the children's welfare to be returned to the children's home." The court ordered the children's custody "shall remain with the [DHS] for placement in family foster care."

We may consider matters that have transpired during the appeal for the limited purpose of determining whether a claim is moot. *See In re L.H.*, 480 N.W.2d 43, 45 (Iowa 1992). But, in view of our disposition of this appeal, we decline to address the mootness issue.

today, specifically a removal hearing is not allowable when there's already been a disposition entered in a case. That's not the proper method. I believe the proper standard for today's hearing is a modification action, which the State has actually motioned for temporary removal and a motion to modify disposition, but the standard today isn't a temporary removal, because a temporary removal request was inappropriate, and the order should not have been entered removing the children under 232.95.

She further argued,

Your Honor, I believe the State's motion has been made today pursuant to Iowa Code 232.95 as well as—which is the hearing for temporary removal. I believe its error to use that Code section as a standard for today's hearing. I believe that case law supports that, that Code section is to be used only after a petition has been filed but prior to disposition being entered in a case.

We are directed to no case law, nor have we found anything in section 232.95 that precludes the procedure employed by the State to temporarily remove the children from the mother's care.

Our review of the record also leads us to the conclusion there was sufficient evidence to support the juvenile court's temporary removal order. The police officer who conducted the search of the mother's home testified he found a baggie of marijuana and a bowl known as a smoking device in the home. He testified he found marijuana residue on the smoking device. The material was not field tested, nor was it sent to a lab for testing. The evidence shows the mother had been drug-free for six months and had been regularly attending substance-abuse treatment, but she did not deny that some of the material found was marijuana. Rather, she testified she did not know it was in the house because she assumed law enforcement had removed all illegal substances from the house during a search conducted the previous September. Given the history of the case, we believe the

State presented sufficient evidence to justify the temporary removal of the children from the mother's home.

The mother also argues on appeal that it was improper to continue the removal of the children as a modification of the prior dispositional order when there was no material and substantial change of circumstances to warrant modification. At the hearing she argued,

> So I believe the standard for today's hearing is a modification standard, and whether the State has shown that circumstances have materially and substantially changed that the best interest of the child requires such a change in custody, and I don't think the State has met its burden of proof in this matter. I don't think that there has been any change.

This was a section 232.95 removal, but even if we were to treat the May 7 order continuing the children's removal as a modification of a prior dispositional order, the State met the requisite burden.

We recognize our opinions on the matter have not been a model of consistency:

> [O]ur case law has held "a party seeking a modification of the custody provisions of a prior dispositional order must show the circumstances have so materially and substantially changed that the best interest[s] of the child requires such a change in custody." *In re C.D.*, 509 N.W.2d 509, 511 (Iowa Ct. App. 1993) (citing *In re J.F.*, 386 N.W.2d 149, 152 (Iowa 1986)); *In re Leehey*, 317 N.W.2d 513, 516 (Iowa Ct. App. 1982)). However, we note more recent case law has called this standard into question. *See In re M.M.*, No. 16-0548, 2016 WL 4036246, at *3-4 (Iowa Ct. App. July 27, 2016) (questioning the rule requiring a material and substantial change in circumstances before modifying the custody provision of a prior dispositional order in a CINA action because such a showing is not mandated by statute); *see also In re C.P.*, No. 16-1459, 2016 WL 6269941, at *3 (Iowa Ct. App. Oct. 26, 2016) (Mullins, J., concurring specially) (noting it is unnecessary to find a material and substantial change in circumstances and stating satisfaction of 232.103(4) is "required to modify the dispositional order"); *In re K.S.-T.*, No. 14-0979, 2014 WL 5865081, at *4 (Iowa Ct. App. Nov. 13, 2014) (noting that a showing

of a change in circumstances "is not statutorily mandated"); *In re V.B.*, No. 14-0315, 2014 WL 2600318, at *4 n.3 (Iowa Ct. App. June 11, 2014).

*In re A.J.*, No. 16-1954, 2017 WL 1278366, at *3 (Iowa Ct. App. April 5. 2017); *see also In re E.G.*, No. 17-1855, 2018 WL 540995, at *2 n.4 (Iowa Ct. App. Jan. 24, 2018). We elect to follow *A.J.*, in which we held:

> Although *In re M.M.* is not a published opinion of this court, we adopt the analysis of that opinion, *see* 2016 WL 4036246, at *3-4, and agree with its conclusion:
>
>> While we have recognized the legislative amendment authorized modification of a dispositional order without requiring a material and substantial change in circumstances, at least in some instances, we have continued to impose the requirement in deference to the supreme court. *See V.B.*, 2014 WL 2600318, at *4 n.3 ("However, because our supreme court has approved the principle, we defer to the supreme court whether case precedent should still be followed."). Such deference is not necessary here. The decisions of the supreme court regarding Iowa law are binding on this court until overruled by the supreme court or superseded by other legitimate authority. *Leehey* and its progeny, including [*In re R.F.*, 471 N.W.2d 821 (Iowa 1991)], have been superseded by the 2004 amendment to section 232.103(4) and are not controlling under the circumstances presented here. *See McMartin v. Saemisch*, 116 N.W.2d 491, 493 (Iowa 1962) (recognizing decisions are no longer controlling where "outmoded and superseded by statute"). The language of the statute is controlling. We thus hold the juvenile court need not find a substantial change in circumstances as a prerequisite to modification of a dispositional order pursuant to Iowa Code section 232.103(4).
>
> *Id.* at *4.

*A.J.*, 2017 WL 1278366, at *3-4. As stated above, we believe the State presented sufficient evidence to justify the temporary removal of the children from the mother's home.

We affirm the juvenile court's May 7, 2018 order removing the children from the mother's home.

**AFFIRMED.**