# IN THE COURT OF APPEALS OF IOWA

No. 18-2206
Filed March 20, 2019

**IN THE INTEREST OF S.D.,**
**Minor Child,**

**L.W., Father,**
        Appellant.

_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin, District Associate Judge.

A father appeals the termination of his parental rights to his child. **AFFIRMED.**

Jacob L. Mason of JL Mason Law, PLLC, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Charles Fuson of Youth Law Center, Des Moines, guardian ad litem for minor child.

Considered by Vogel, C.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A father appeals the juvenile court order terminating his parental rights to his child. He alleges the State violated his procedural due process rights by failing to provide him notice of the child in need of assistance (CINA) proceedings after he informed the Iowa Department of Human Services (DHS) that he was the child's father. He also challenges the grounds for terminating his parental rights. We review his claims de novo. *See In re A*.S., 906 N.W.2d 467, 472 (Iowa 2018).

The father was in a relationship with the child's mother in 2015. The father learned the mother was pregnant approximately one month after their relationship ended and believed he was likely the child's father. After the father learned of the child's birth some weeks after the fact, he saw the child "maybe a couple of times a week or whenever [the mother] would let me again."

The State removed the child from the mother's care in October 2017 and initiated CINA proceedings. At that time, the father was living in Arizona and had not had any contact with the child since moving out of state. The State never notified the father of the CINA proceedings because another man was listed as the father on the child's birth certificate and the mother identified that man as the child's father.

The father was living in Missouri in March 2018 when he called the mother and learned the child was in the custody of the DHS. The father contacted the DHS in Polk County to inform them that he was the child's father. The DHS initiated paternity testing to exclude the putative father as the child's father. The DHS asked the father to submit to paternity testing, which confirmed he is the child's father. The State filed a petition to terminate parental rights to the

child in August 2018. Shortly thereafter, the State received the results of the father's paternity test and amended the petition to include him. The father was then served by certified mail with the petition to terminate parental rights, original notice, order fixing time of termination hearing, and other papers. The termination hearing was held before the father returned a completed affidavit requesting appointment of counsel, and the father did not appear at the hearing. After the hearing, the court appointed counsel to represent the father, and the father filed a motion to reopen the record. The juvenile court granted the motion and scheduled a second hearing.

At the time of the second termination hearing, the father was living in Missouri and serving a five-year term of probation resulting from a March 2018 domestic assault incident. The father requires permission from his probation officer before he can leave the state. He still had not seen or corresponded with the child or made inquiry with the DHS about doing so.

The father argues the State violated his procedural due process rights by failing to add him as a party to the CINA proceedings after he gave notice of being the child's father. Based on this failure, he argues the juvenile court was without jurisdiction to terminate his parental rights. The State counters by citing the "long standing precedent" of this court that failure to include a parent in a CINA proceeding does not preclude termination of parental rights. *See, e.g., In re M.L.M.*, 464 N.W.2d 688, 689 (Iowa Ct. App. 1990) (affirming termination of a father's parental rights based on father's abandonment of the child despite the State's failure to notify the father of the CINA action). *But see In re J.C.*, No. 18-1514, 2018 WL 6719418, at *3 (Iowa Ct. App. Dec. 19, 2018) ("The agency's failure

to notify the father of the child-in-need-of-assistance proceedings prevented him from being heard in the child-in-need-of-assistance action and rendered the proceeding void as to him."). Regardless, the father did not raise his due-process claim below. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). Accordingly, the father failed to preserve the issue for our review. *See In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) (finding parents waived procedural due process claim by failing to raise objection before the juvenile court, noting that "[e]ven issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal").

The father also asserts the State failed to prove the grounds for terminating his parental rights. Under Iowa Code section 232.116(1)(b) (2018), the juvenile court may terminate parental rights if it "finds that there is clear and convincing evidence that the child has been abandoned or deserted." A parent abandons a child by relinquishing or surrendering "the parental rights, duties, or privileges inherent in the parent-child relationship." Iowa Code § 232.2(1). Abandonment is not required to occur over any particular period of time, but proof of abandonment must include "both the intention to abandon and the acts by which the intention is evidenced." *Id.* A parent deserts a child by relinquishing or surrendering "the parental rights, duties, or privileges inherent in the parent-child relationship" "for a period in excess of six months." *Id.* § 232.2(14). "Proof of desertion need not include the intention to desert, but is evidenced by the lack of attempted contact with the child or by only incidental contact with the child." *Id.*

The district court found that although the father was aware of the child's birth, he took no action to enforce or claim any parental rights to the child. He then moved out of the state and failed to maintain contact with the child. The court noted that regardless of any efforts the father made after learning the child was in the custody of the DHS in March 2018,

> the fact remains that other than seeing the child occasionally for a few months in 2016, and attempting some phone calls or texts or Facebook contacts with the child's mother, [the father] took no action to assert or claim any parental rights, or to take on any of the duties or responsibilities that would make him a parent to [the child] for the first 26 months of the child's life.

It concluded that those few efforts the father made early in the child's life "simply do not represent a continuing interest in the child and a genuine effort to maintain communication and association with the child" and that "[b]y March, 2018, the abandonment had already occurred."

Clear and convincing evidence supports the finding that the father abandoned or deserted the child. Accordingly, we affirm the termination of his parental rights pursuant to Iowa Code section 232.116(1)(b).

**AFFIRMED.**