**In the Matter of the GUARDIANSHIP OF Morgan L. GRIESINGER,**

**Morgan L. Griesinger, Ward–Appellant.**

No. 10–1058.

Court of Appeals of Iowa.

May 11, 2011.

---

Richard J. Murphy of Murphy Law Office, Osceola, for ward-appellant.

Loretta L. Harvey of Mullin, Mullin & Harvey, Creston, for guardian-appellee.

Diana L. Rolands of Rolands Law Office, Osceola, guardian ad litem.

Considered by SACKETT, C.J., and DOYLE and DANILSON, JJ.

DOYLE, J.

Beverley Dirksen, a registered nurse offering guardianship and conservatorship services through her Iowa Falls company, Guardian Angel Services, filed an involuntary petition for appointment of guardian requesting she be appointed as guardian for Morgan Griesinger. At the time, Griesinger, an indigent adult, was a resident of Faith Ridge Life Center, a skilled nursing home in Malvern, Iowa. Griesinger has a history of mental illness and was under court-ordered commitment to residential care for her mental illness. She was on medication for paranoia. The medication was being administered by injection because Griesinger refused to take medications orally.

Upon the filing of the petition, the district court appointed attorney Diana Rolands as guardian ad litem and attorney for Griesinger.[1] Rolands entered an appearance as guardian ad litem. Hearing was held on the petition. Griesinger was present and testified. When asked if she thought she needed a guardian, Griesinger responded: "[A]bsolutely not. I don't think I have any needs that I can't meet myself." She further testified she thought she could take care of herself. At the conclusion of the hearing, Rolands, as guardian ad litem, stated to the court:

> My position is what's in the best interests of [Griesinger]. I need to state to the court that my perspective on that and my opinion on that is that she does have mental illness that's not being fully addressed, and to be addressed in her best interests, a guardian would be the right thing to do in regards to her situation.

Finding clear and convincing evidence that Griesinger was unable to make decisions concerning her person and affairs, the district court appointed Dirksen as guardian.[2]

On behalf of Griesinger, Rolands filed a notice of appeal. Rolands also filed an application for appointment of appellate counsel at county expense. Rolands noted in the application that Griesinger testified she did not want or need a guardian ad litem and that Rolands, as guardian ad litem, opined otherwise. Rolands requested another attorney be appointed to represent Griesinger on appeal "due to the differing of opinions of [Griesinger] and Guardian ad Litem." The district court, "in order to preserve the rights of [Griesinger]," ordered that Griesinger have sepa-

---

1. The order is captioned "Order Setting Time and Place of Hearing and Appointing Guardian Ad Litem." The order provides, in part:

    The court further orders that a guardian ad litem is appointed to accept service and represent the interests of the ward, and Diana Rolands, a regular practicing attorney from Osceola, Iowa, is hereby appoint-ed as guardian ad litem and attorney for the proposed ward.

2. Max Huss, a maternal uncle of Griesinger, was also appointed co-guardian. He passed away during the pendency of this appeal and was relieved of his duties by court order, leaving Dirksen to continue as Griesinger's sole guardian.

rate counsel as her appellate counsel.[3] Rolands was ordered to continue to serve as guardian ad litem.

On appeal, Griesinger argues the district court erred in appointing the same attorney to be both her guardian ad litem and attorney.[4] Put another way, she contends the court should have appointed an attorney "who would have had the sole responsibility of representing her wishes."

■■■ Guardians ad litem are generally appointed pursuant to Iowa Rule of Civil Procedure 1.212, which requires the appointment of a guardian ad litem "[i]f a party served with original notice appears to be subject to rule 1.211." Rule 1.211 prohibits a "judgment without defense" against, among others, persons hospitalized for mental illness, adjudged incompetent, or certified to be mentally incapable of conducting a defense. The role and responsibilities of a guardian ad litem are set forth in detail in *Estate of Leonard v. Swift*, 656 N.W.2d 132, 139–41 (Iowa 2003). Although there is some overlapping of responsibilities, an appointed attorney serves a different function than a guardian ad litem. *Id.* at 141–42.

> More specifically, a guardian ad litem serves the court, *advising the court,* after an impartial investigation, of any defense to the action held by the ward. In contrast, the attorney represents the ward and must *advise the ward* of his rights and ensure that those rights are protected by making certain the proceedings comply with the statutory and constitutional requirements of Iowa law. In summary, the guardian ad litem advocates for the best interests of the

ward, whereas an attorney advances the wishes of the ward.

*Id.* at 142 (emphasis in original). In other words, because of the fundamental distinction between their roles, the appointment of a guardian ad litem is not the same as appointing an attorney. *See id.*

Iowa Code section 633.561(1) (2011) provides that a proposed ward is entitled to representation by an attorney during proceedings to establish a guardianship.

> Upon the filing of the petition, the court shall appoint an attorney to represent the proposed ward, set a hearing on the petition, and provide for notice of the appointment of counsel and the date of the hearing.

Iowa Code § 633.561(1)(a).

■■ Although not captioned as such, the order appointing Rolands as guardian ad litem also appointed her as attorney for Griesinger. However, Rolands never assumed the role as Griesinger's attorney. Rolands entered her appearance as guardian ad litem, not as Griesinger's attorney. Rolands participated in the proceedings only as guardian ad litem, not as Griesinger's attorney. Rolands filed the notice of appeal as guardian ad litem, not as Griesinger's attorney. Recognizing a conflict between her opinion, as guardian ad litem, and Griesinger's opinion as to the need for a guardian, Rolands applied for the appointment of separate appeal counsel.

Rolands performed no acts that were outside her role as a guardian ad litem. It is clear from the record that Rolands never acted in the capacity as Griesinger's attorney, nor did anyone, until appointment of appellate counsel.[5] Iowa Code

---

3. Michelle Rivera was appointed at county expense. She later withdrew, and Richard Murphy appeared on Griesinger's behalf as appellate counsel.

4. No briefs were filed on behalf of the guardian or the guardian ad litem.

5. Since Rolands never assumed the role or acted in the capacity as Griesinger's attorney, we need not decide the propriety of counsel's

section 633.561(1)(a) mandated appointment of an attorney to *represent* Griesinger upon the filing of the petition. No one assumed the role as Griesinger's attorney, so we must reverse the district court's finding that Griesinger was unable to make decisions concerning her person and affairs, and remand the case back to the district court to conduct another hearing on the petition, this time with appointed counsel to represent and advise Griesinger.

It is truly unfortunate that the district court was never afforded the opportunity to address the issue now raised on appeal, for had it, this appeal with its attendant delay and expense, could well have been avoided.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

dual appointment in a proceeding for the appointment of a guardian governed by Iowa Code section 633.561(1)(a) (or, for that matter, section 633.575(1)(a) (conservatorships—same statutory language)). Likewise, we decline to address Griesinger's argument regarding ineffective assistance of counsel.