# IN THE COURT OF APPEALS OF IOWA

No. 17-0785
Filed November 8, 2017

**IN RE THE MATTER OF THE GUARDIANSHIP
AND CONSERVATORSHIP OF ROBERT KENNETH
FAGAN, Ward**

**ROBERT KENNETH FAGAN,**
     Appellant.

_____

Appeal from the Iowa District Court for Polk County, Craig E. Block, Associate Probate Judge.

A ward appeals from an order appointing a guardian and conservator pursuant to Iowa Code chapter 633 (2017). **REVERSED AND REMANDED.**

Hope Wood, Des Moines, for appellant.

Jami J. Hagemeier of Williams & Hagemeier, P.L.C., Des Moines, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**MCDONALD, Judge.**

Robert Kenneth Fagan is a seventy-one-year-old veteran challenging the district court's order to appoint him a permanent guardian and conservator. On appeal, Fagan does not challenge the decision to appoint a guardian or conservator, generally. Instead, he contends a limited guardianship or conservatorship would be more appropriate. *See* Iowa Code § 633.551(3) (2017) ("In determining whether a guardianship or conservatorship is to be established, modified, or terminated, the district court shall consider if a limited guardianship or conservatorship pursuant to section 633.635 or 633.637 is appropriate. In making the determination, the court shall make findings of fact to support the powers conferred on the guardian or conservator."). We do not reach the merits of Fagan's argument, however, because we conclude remand and rehearing is necessary due to Fagan not receiving representation during the course of this proceeding.

In guardianship and conservatorship proceedings, "the proposed ward is entitled to representation." Iowa Code §§ 633.561 .575. "Upon the filing of the petition, the court shall appoint an attorney to represent the proposed ward, set a hearing on the petition, and provide for notice of the appointment of counsel and the date for hearing." Iowa Code §§ 633.561(1)(a), .575(1)(a). The Code provides an appointed attorney shall do the following:

> a. Ensure that the proposed ward has been properly advised of the nature and purpose of the proceeding.
> b. Ensure that the proposed ward has been properly advised of the ward's rights in a guardianship proceeding.
> c. Personally interview the proposed ward.
> d. File a written report stating whether there is a return on file showing that proper service on the proposed ward has been made

and also stating that specific compliance with paragraphs "a" through "c" has been made or stating the inability to comply by reason of the proposed ward's condition.
e. Represent the proposed ward.
f. Ensure that the guardianship procedures conform to the statutory and due process requirements of Iowa law.

Iowa Code §§ 633.561, 633.575.

"The right to representation by counsel is not a formality. It is not a grudging gesture to a ritualistic requirement. It is of the essence of justice." *Kent v. United States*, 383 U.S. 541, 561 (1966). In this case, the district court appointed an attorney for Fagan. However, the attorney did not represent Fagan as his counsel throughout the proceedings. Instead, the attorney acted as Fagan's guardian ad litem. She appeared as the guardian ad litem in the proceedings. She filed a guardian ad litem report recommending the court establish a guardianship and conservatorship in the best interest of Fagan. This was contrary to Fagan's desire to live independently and manage his own affairs. At the hearing on the guardianship and conservatorship, the district court referred to the appointed attorney as Fagan's guardian ad litem. At the hearing, the appointed attorney did not act as Fagan's counsel. She did not subject the petitioner's case to adversarial testing. She did not advocate for Fagan's desire to live without a guardian and conservator. She did not advocate for a limited guardianship.

Iowa law is clear. The role of guardian ad litem is separate and distinct from the role of an attorney for the purposes of guardianship and conservatorship proceedings. *See Estate of Leonard ex rel. Palmer v. Swift*, 656 N.W.2d 132, 142 (Iowa 2003); *In re Guardianship of B.K.*, No. 03-0865, 2004 WL 792755, at

*1 (Iowa Ct. App. Apr. 14, 2004) (noting that Iowa Code section 663.561 provides for the appointment of an attorney, not a guardian ad litem). "In summary, the guardian ad litem advocates for the best interests of the ward, whereas an attorney advances the wishes of the ward." *Estate of Leonard*, 656 N.W.2d at 142 (further noting that the court can determine whether an attorney acted as the ward's attorney or guardian ad litem on appeal based on the attorney's conduct).

This court has recognized counsel's failure to act as counsel for the proposed ward constitutes reversible error:

> Iowa Code section 633.561(1)(a) mandated appointment of an attorney to *represent* Griesinger upon the filing of the petition. No one assumed the role as Griesinger's attorney, so we must reverse the district court's finding that Griesinger was unable to make decisions concerning her person and affairs, and remand the case back to the district court to conduct another hearing on the petition, this time with appointed counsel to represent and advise Griesinger.

*In re Guardianship of Griesinger*, 804 N.W.2d 527, 530 (Iowa Ct. App. 2011).

It is of no moment that Fagan's counsel failed to preserve the issue in district court or present the issue on appeal. Fagan's appellate counsel is the same counsel that represented him at the district court. Appellate counsel operated under an actual conflict of interest in representing Fagan in the district court and is now operating under an actual conflict of interest in representing Fagan before this court. Caselaw recognizes that where counsel is acting under an actual conflict of interest, we are required to reach the issue sua sponte without regard to whether the claim was preserved or presented for appellate review. *See In re T.P.*, 757 N.W.2d 267, 272–73 (Iowa Ct. App. 2008); *In re A.T.*, 744 N.W.2d 657, 660 (Iowa Ct. App. 2007) (stating "[e]ven if it was not

preserved, the lack of an objection to an alleged conflict of interest does not preclude consideration of the issue on appeal"). For example, in *Wood v. Georgia*, 450 U.S. 261, 274 (1981), the Supreme Court vacated a criminal conviction when it determined, on its own motion, trial counsel was operating under a potential conflict of interest. The Court reasoned that where there is a right to counsel "there is a correlative right to representation that is free from conflicts of interest." *Wood*, 450 U.S. at 272. The Court further reasoned it was required to raise the issue on its own because "[t]he party who argued the appeal and prepared the petition for certiorari was the lawyer on whom the conflict-of-interest charge focused. It is unlikely that he would concede that he had continued improperly to act as counsel." *Id.* at 266 n.5. In *State v. Watson*, 620 N.W.2d 233, 237 (Iowa 2000), the Iowa Supreme Court held the court has a duty to raise and address conflicts of interest where the court knew or should have known of the conflict. "Such representation . . . invites disrespect for the integrity of the court." *State v. Smith*, 761 N.W.2d 63, 69 (Iowa 2009) (quoting *State v. Vanover*, 559 N.W.2d 618, 626 (Iowa 1997))).

Given the ongoing nature of counsel's actual conflict of interest with her client, to protect Fagan's statutory right to counsel and the integrity of this court, we decide the issue sua sponte. Pursuant to *Wood, Watson, and Griesinger*, we vacate the order establishing a permanent guardianship and conservatorship and remand this matter for the appointment of counsel and further proceedings.

**REVERSED AND REMANDED.**

Potterfield, J., concurs; Vaitheswaran, P.J., dissents.

**VAITHESWARAN, Presiding Judge.** (dissents)

I respectfully dissent. The probate court appointed an attorney "to represent Robert Kenneth Fagan, the proposed Ward." The appointed attorney misconstrued her role and, without objection, acted as guardian ad litem for the proposed ward. While I agree with the majority that the roles of a ward's attorney and guardian ad litem are distinct, I disagree that the conflict of interest generated by an attorney's dual representation may be raised and decided on the appellate court's own motion absent an objection in the probate court or argument by counsel on appeal.

In *In re Guardianship of Griesinge*r, 804 N.W.2d 527 (Iowa Ct. App. 2011), the issue of dual representation was raised in the district court. The court initially appointed the same attorney as guardian ad litem and attorney. *Griesinger*, 804 N.W.2d at 528. A guardian was appointed with the endorsement of the guardian ad litem. *Id.* The guardian ad litem filed a notice of appeal on behalf of the ward but noted a conflict in her roles. *Id.* As a result, the district court ordered the appointment of separate appellate counsel for the ward and ordered the attorney serving as guardian ad litem to continue in that role. *Id.* On appeal, the ward expressly raised the issue of whether the district court erred in appointing the same attorney to serve as her attorney and as guardian ad litem. *Id.* at 529. Error on the question of dual representation was preserved and not waived.

In *In re T.P.*, the court stated, "in attorney disqualification matters the failure to raise a timely objection may result in waiver." 757 N.W.2d 267, 272 (Iowa Ct. App. 2008) (citations omitted). The court stated an alleged conflict based on an attorney's prior role as guardian ad litem was waived and not

preserved in the absence of an objection. *Id.* at 273. The court nonetheless considered the issue under an ineffective-assistance-of-counsel rubric, as requested on appeal. *Id.* The court relied on *In re J.P.B.*, 419 N.W.2d 387, 390 (Iowa 1988), which considered a dual representation claim in that context. In this case, no one raised the dual representation concern either directly or as an ineffective-assistance-of-counsel claim.

In *In re A.T.*, this court concluded the dual representation issue raised by a party on appeal "was properly preserved for review." 744 N.W.2d 657, 660 (Iowa Ct. App. 2007). Alternatively, the court cited to opinions raising the issue in an ineffective-assistance context. *Id.* Again, the issue was preserved and not waived on appeal.

In *In re Guardianship of B.K.*, this court addressed an ineffective-assistance-of-counsel claim based on an attorney's dual roles. No. 03-0865, 2004 WL 792755, at *5 (Iowa Ct. App. Apr. 14, 2004). The court reiterated that "even if an actual conflict or a substantial possibility of an actual conflict is demonstrated, prejudice will not be presumed." *Id.* (citing *J.P.B.*, 419 N.W.2d at 392). The court found no breach and no prejudice. Here, as noted, no one raised the dual representation issue as an ineffective-assistance claim.

In *In re Estate of Andrews*, No. 09-1418, 2013 WL 530580, at *4 (Iowa Ct. App. Feb. 13, 2013), we stated, "The question of [the attorney's] role or roles and the question of whether he had a conflict of interest were never, however, presented to or passed upon by the probate court." We concluded error was not preserved. *Andrews*, 2013 WL 530580, at *4.

I recognize certain judgments entered without counsel are void, and void judgments are subject to attack at any time. *See Garcia v. Wibholm*, 461 N.W.2d 166, 170 (Iowa 1990); *In re S.P.*, 672 N.W.2d 842, 846 (Iowa 2003). But the ward had counsel, albeit one who may have acted in two roles. The fact that he had an attorney rendered an attack only voidable rather than void. *See Garcia*, 461 N.W.2d at 170. Again, in my view, an objection needed to be made in the probate court or the issue needed to be brought to our attention on appeal as an ineffective-assistance claim. *But cf. In re J.V.*, 464 N.W.2d 887, 891-92 (Iowa Ct. App. 1990) (finding no ineffective assistance but stating in dicta it could "evaluate the performance of the guardian ad litem sua sponte if necessary" and proceeding to provide guidance on a guardian ad litem's role), *overruled on other grounds by In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

Because counsel was appointed by the probate court, no one objected to the manner in which counsel performed her duties, no one raised the issue of a conflict in roles on appeal, and the judgment entered by the district court was not void for lack of representation, I would find the issue of counsel's dual representation was not preserved for our review and was waived. Accordingly, I would affirm the judgment of the probate court.

Summary: Because no one objected to the conflict of interest generated by counsel's dual representation in probate court, no one raised the issue as an ineffective-assistance claim on appeal, and the judgment entered by the district court was not void for lack of representation, the issue was not preserved and was waived.