MARILYN STUBBS, petitioner, v. LARRY HAMMOND, defendant,
GERALD LAVERN HAMMOND, applicant-appellant.

Consolidated on appeal with

GERALD LAVERN HAMMOND, plaintiff-petitioner, v. HON. CLAIR
E. HAMILTON, Judge, Eighth Judicial District, Juvenile
Division, defendant-respondent.

No. 51576.

(Reported in 135 N.W.2d 540)

June 8, 1965.

John T. Nolan, of Iowa City, for appellant-plaintiff.

Daniel Boyle, Johnson County Attorney, for appellee-defendant.

THORNTON, J.—This is an original proceeding in certiorari consolidated with an appeal by our order.

Because of the disposition of the case in certiorari it is unnecessary to consider the appeal.

Plaintiff, Gerald Lavern Hammond, is the father of Larry Hammond, now four years old. Plaintiff's former wife, Larry's mother, left plaintiff, obtained a divorce, is now remarried and lives in Georgia. Plaintiff, in February 1963 shortly after his wife left him, left the child, Larry, in the care of a lady in Waterloo and went to California. In March of 1963 the child's paternal grandmother took the child from the baby sitter in Waterloo and brought him to her home in rural Iowa City. May 18, 1964, an Aid to Dependent Children social worker filed a petition to have Larry declared a dependent and neglected child. Pursuant to this petition and section 232.14, Code of Iowa, 1962, the trial court found an emergency existed and entered an order for the temporary custody of Larry pending hearing.

On May 25, 1964, a hearing was held and in a decree entered June 22, 1964, the trial court found Larry to be a dependent and neglected child, his mother deserted him, that his paternal grandmother was not a fit or proper person to have custody of him, and ordered him taken from the custody of the grandmother and committed to the American Home Finding Association, a private nonsectarian child-placing agency at Ottumwa, with full right and power under the law to investigate and place said child for adoption.

The effect of the trial court's order is to constitute the child-placing agency the guardian of the person of Larry, section 232.22, Code of Iowa, 1962, and allow such agency to consent to his adoption, section 600.3, Code of Iowa, 1962, without notice to his parents or either of them, section 600.4, Code of Iowa, 1962.

The only notice of the hearing served was that on the paternal grandmother. Such notice was directed by the court pursuant to the following sections, Code of Iowa, 1962:

"232.7 Time and place of hearing—notice. Upon the filing · of the petition, the court or judge shall fix a time for the hearing

and a place within the district convenient to the parties, and cause notice to issue as hereinafter provided."

"232.8 Notice. Said notice shall apprise all parties entitled to notice of the filing of said petition, and of the time and place of hearing thereon, and shall require the custodian of said child to appear with said child at said time and place. A copy of the petition shall be attached to said notice."

"232.9 Manner of service. The court or judge may, in all cases, specify the particular manner in which said notice shall be served."

"232.10 Service of notice. Said notice shall be served on the custodian of said child or on the person with whom such child is living, and on all other persons entitled to notice, at least five days before the day of hearing. No further service shall be required than on the parent when the parent is the custodian or guardian of said child or children. If the said custodian is not the parent or guardian, then additional service shall be made in the following order:

"1. On the parents if their residence in this state is known.

"2. On the guardian if his residence in this state is known.

"3. On some relative if his residence in this state is known."

In the above as originally enacted, service on parents was not limited to those whose residence was known in the state. Chapter 11, section 4, Laws of the Thirtieth General Assembly; section 254-a16, Supplemental Supplement, 1915. Such change was made by House File 84, section 356, Laws of the Fortieth General Assembly, Extra Session, and appeared in its present form in the Code of Iowa, 1924.

The return to the writ states that additional service was not made on the parents for the reason the father was living in California, the mother in Georgia, neither had seen the child since April of 1963, and that neither of them had a residence in the state within the meaning and contemplation of section 232.10, Code of Iowa, 1962.

The testimony of the social worker shows the social worker knew plaintiff was in California and knew his address, and that the child's mother was in Georgia and knew her address.

Plaintiff learned of the decree of June 22 and on August 20,

1964, filed an application wherein he prayed the decree be stayed, the court reconsider the decree and award custody of Larry to him. He therein urged the decree was void as to him because of failure to serve him with notice. The trial court refused to hear the application on the theory the court had lost jurisdiction.

On September 16, 1964, we granted certiorari to test the validity of the June 22, 1964, decree.

Plaintiff contends failure to serve him with notice denied him due process of law contrary to Amendment 14, United States Constitution, and section 9, Article I, of the Iowa Constitution. Defendant's position is, because of the nature of the proceedings below, and the showing made at the hearing bearing on abandonment by plaintiff, the notice served fulfilled due process requirements.

The right of a child to the care, support and affection of his parents, and the right of parents to have custody of their child and furnish him care, support and affection are inherent constitutionally protected liberties. Pierce v. Society of the Sisters of the Holy Names of Jesus and Mary, 268 U. S. 510, 45 S. Ct. 571, 573, 69 L. Ed. 1070, 39 A. L. R. 468. However, the state as parens patriæ has the duty to see that every child within its borders receives proper care. The purpose of chapter 232, Code of Iowa, 1962, is to carry out such duty—"to insure a child the care, custody and discipline that should be given by its parents." State ex rel. Wiley v. Richards, 253 Iowa 679, 680, 113 N.W.2d 285, 286. In considering this type of case the primary concern is the welfare of the child, with due regard for the right of parent and child to live together. State ex rel. Gering v. Bird, 250 Iowa 730, 735, 737, 96 N.W.2d 100.

Such delicate rights and duties cannot be decided against a parent without affording him due process of law. The effect of the proceedings may be, and was in this case, to deprive him of all parenthood implies. He was entitled to notice. Armstrong v. Manzo, 380 U. S. 545, 85 S. Ct. 1187, 1191, 14 L. Ed.2d 62 (April 27, 1965); In re Adoption of Cheney, 244 Iowa 1180, 59 N.W.2d 685. Notice of the hearing and an opportunity to be heard appropriate to the nature of the case is the most rudimentary demand of due process of law. Armstrong v. Manzo,

380 U. S. 545, 85 S. Ct. 1187, 1190, 1191, 14 L. Ed.2d 62 (April 27, 1965); Franklin v. Bonner, 201 Iowa 516, 519–521, 207 N.W. 778; and Pitzenberger v. Schnack, 215 Iowa 466, 245 N.W. 713. This is not changed because the father here did not have a known residence in this state. Mullane v. Central Hanover Bank & Trust Co., 339 U. S. 306, 70 S. Ct. 652, 94 L. Ed. 865. In Mullane it was held nonresidents interested in a common trust fund, whose whereabouts are known, were entitled to notice by ordinary mail. 70 S. Ct. at page 659. Nothing less was due plaintiff here, and such notice should allow reasonable time for appearance—at least twenty days when the known person to be served is in California.

■ Section 232.10, Code of Iowa, 1962, is unconstitutional to the extent it limits service of notice to parents whose residence in this state is known.

■ Seven-day notice of the pending hearing served on the resident custodian, here the grandmother, is not sufficient to meet the basic requirement of due process in the case of a non-resident parent whose whereabouts is known. It is not reasonably calculated to reach the parent and afford him an opportunity to be heard. Mullane v. Central Hanover Bank & Trust Co., supra, page 660 of 70 S. Ct. The case of a parent whose whereabouts are unknown and cannot with due diligence be ascertained is not before us, but see Mullane v. Central Hanover Bank & Trust Co., supra, page 659 of 70 S. Ct.

■ Nor do we consider the evidence of abandonment produced at the hearing such as to place plaintiff in a position of not being entitled to notice, or constitute the notice served sufficient. This is one of the issues on which he is entitled to be heard. He is entitled to be heard on all issues properly in the case, and ask for the court to consider alternate commitments provided in section 232.21, Code of Iowa, 1962, and conditions and restrictions the court may order under section 232.23, Code of Iowa, 1962.

■ Plaintiff here is entitled now to be placed in the position he would have been entitled if he had been given proper notice. Armstrong v. Manzo, 380 U. S. 545, 85 S. Ct. 1187, 14 L. Ed.2d 62. This means the order and decree placing the child

with the American Home Finding Association is void and it is hereby annulled. The child, Larry, is to be returned to the custody of the social worker pursuant to the trial court's order an emergency existed and providing for his temporary custody pending hearing. Hearing in the trial court insofar as this plaintiff is concerned shall be set on notice to plaintiff's counsel of record but not sooner than twenty days after the issuance of the procedendo, unless otherwise agreed. Rule 316, Rules of Civil Procedure.—Writ sustained, proceedings below annulled as indicated.

All JUSTICES concur.