**In the Interest of S.P. and K.P., Minor Children,**

**M.J., Father, Appellant,**

**STATE of Iowa, Appellee.**

No. 03–0868.

Supreme Court of Iowa.

Dec. 17, 2003.

Thomas J. Miller, Attorney General, Katherine S. Miller–Todd, Assistant Attorney General, John P. Sarcone, County Attorney, and Michelle Chenoweth, Assistant County Attorney, for appellee.

Tiffany Koenig, Des Moines, for appellant.

David Pargulski, Des Moines, for mother.

Jason Hauser, Des Moines, guardian ad litem for minor children.

LAVORATO, Chief Justice.

The father of two children appealed from a judgment of the district court terminating his parental rights. He contended that the State terminated his parental rights without notice to him.

We transferred the case to the court of appeals. The court of appeals found there was insufficient evidence that the State had conducted a reasonably diligent search in attempting to serve him.

We granted the State's application for further review and now conclude the court of appeals reached the correct decision. We therefore affirm the court of appeals decision and reverse the judgment of the district court. We remand for further proceedings consistent with this opinion.

## I. Background Facts and Proceedings.

Michael is the biological father of Samantha and Karley, and Kristy is the children's biological mother. Samantha was born February 12, 1996, and Karley was born July 14, 1997.

On October 24, 2001, the district court adjudged Samantha and Karley children in need of assistance (CINA). This was done pursuant to Iowa Code section 232.2(6)(*d*) (2001) (child imminently likely to be sexually abused by member of the household). James, the father of Samantha and Karley's half-sister, was the person found imminently likely to sexually abuse the chil-

dren. The court allowed Samantha and Karley to remain with their mother and entered a no-contact order against James. Michael was not present at the contested CINA case. The record contains neither an affidavit of service on Michael nor an affidavit of diligent search.

On December 12, 2001, following a hearing, the district court entered a dispositional order that maintained the placement of Samantha and Karley with their mother and continued the no-contact order. Michael was also not present at this hearing. The record again contains neither an affidavit of service on Michael nor an affidavit of diligent search.

On January 15, 2002, the State filed a motion to modify, vacate, or substitute disposition because Kristy was in jail following her arrest for first-degree robbery. Approximately a week later, following a hearing, the district court removed the children from Kristy's care and placed them with Scott, the father of the children's half-siblings. Samantha and Karley have lived with Scott in the past. Michael was not present at this hearing either. Nor did the record contain an affidavit of service on Michael or an affidavit of diligent search.

On March 6, 2003, the State filed a petition to terminate Michael's parental rights pursuant to Iowa Code section 232.116(1)(b) (abandonment), (d) (CINA adjudication and circumstances continue despite services), (e) (CINA adjudication and child removed from parent's physical custody for at least six months, and parent has not maintained significant and meaningful contact with the child during the previous six months), (f) (child is four or older, adjudicated CINA, removed for at least twelve of the last eighteen months or for the last twelve consecutive months and any trial period at home has been less than thirty days, and child cannot be returned

home), and (i) (child meets CINA definition, abuse or neglect posed significant risk to child's life or constituted imminent danger, and services would not correct problem within a reasonable time). Iowa Code § 232.116(1)(b), (d), (e), (f), (i) (2003).

On April 4 the State filed an affidavit, which stated the following:

That since the time of the filing of the Petition of Termination of Parental Rights in the above captioned case, I have made efforts to ascertain the whereabouts of [the father] who may be a party entitled to notice in these proceedings.

To this date, 4/4/03, I have not located him. My efforts will continue. If not found a "Diligent Search Affidavit" will follow.

The district court scheduled the termination hearing for April 21, but on that date the court continued the hearing until April 29 because of questions regarding service of process.

The court heard the termination matter on April 29, at which time no testimony was taken because the termination was uncontested. Michael was not present at the hearing. During the hearing, the State offered into evidence an affidavit of diligent search dated April 21. The affidavit details the efforts made to locate Michael.

On April 30 the district court entered an order terminating Michael's parental rights to Samantha and Karley pursuant to Iowa Code section 232.116(1)(d), (e), (f), and (i). As to the abandonment allegation, the court found that there was clear and convincing evidence that Michael deserted or abandoned the two children by not paying child support, offering or providing any financial, emotional or other support since the inception of the case.

In its termination order, the district court found the following: "Notice of this hearing and a copy of the Petition were served upon all necessary parties, or diligent search was made." The order further stated that Michael "resides at an unknown location."

On May 14 Michael filed in the district court an application for appointment of counsel. On that day, the district court granted the application.

The following day, Michael filed a petition on appeal in which he stated he was appealing the order terminating his parental rights and was seeking a reversal of that order because he was not provided with notice of the termination proceedings. Iowa R.App. P. 6.151 (petition on appeal specifications). Lack of such notice, he contended, violated his constitutional rights of due process and equal protection under both the Iowa and Federal Constitutions. He later filed an amended notice of appeal including an affidavit as to his whereabouts during all of the times material to this proceeding.

The State filed a response to Michael's petition on appeal. In it, the State contended that Michael did not preserve error as to his constitutional issues because he did not raise the issues in a motion for new trial or a motion to set aside the default. The State also contended Michael's affidavit should not be considered because it was not part of the trial record.

The State further contended it was not required to give notice of the termination proceeding because statutory provisions provide that notice may be dispensed with when the whereabouts of the person are not known. Michael had not had contact with the Iowa department of human services and an affidavit of diligent search was filed shortly before the termination hearing.

The court of appeals did not address the constitutional issues. Rather the court treated Michael's lack of notice contention as a sufficiency-of-the-evidence argument. The court of appeals determined that insufficient evidence supported the district court's finding that Michael's whereabouts were unknown at the time of the termination hearing and that a reasonably diligent search was conducted to find him.

On further review, the State contends the court of appeals incorrectly decided this case on a sufficiency-of-the-evidence ground because Michael did not raise the issue in his petition for appeal. Rather he raised constitutional issues. The State contends that Michael did not file a motion for new trial or a motion to set aside the termination order to preserve the issue.

The State further contends that contrary to the court of appeals decision the affidavit of diligent search was sufficient evidence that Michael's whereabouts were unknown.

## II. Error Preservation.

■■■■ Assuming without deciding that the State is correct on its error preservation contention, we think the court of appeals was nevertheless required to address the lack-of-notice issue. Michael's contention goes to the heart of the district court's jurisdiction. "Notice of the hearing and an opportunity to be heard appropriate to the nature of the case is the most rudimentary demand of due process of law" in proceedings affecting parental rights to children. *Stubbs v. Hammond,* 257 Iowa 1071, 1075, 135 N.W.2d 540, 543 (1965); *see also In re Hewitt,* 272 N.W.2d 852, 855 (Iowa 1978) (holding that notice in child and neglect proceedings is jurisdictional).

In *Stubbs,* this court held unconstitutional a statute providing for service of notice upon parents of a child in proceedings to have the child declared neglected and de-

pendent to the extent the statute limited service of notice to parents whose residence in this state is known. 257 Iowa at 1076, 135 N.W.2d at 543. The court further held that the order and decree entered in the proceeding was void as to the parent who had no notice of the proceeding. *Id.*

■ A void judgment is subject to attack at any time. *Rosenberg v. Jackson,* 247 N.W.2d 216, 218 (Iowa 1976) (holding that defendant was not precluded from having judgment against her set aside notwithstanding that she waited four years and was not within the time limits of Iowa Rules of Civil Procedure for setting aside defaults). Therefore Michael had every right to challenge the termination order even though he filed no posttrial motions and waited until he appealed to do so. We therefore proceed to decide the case on the merits.

### III. Affidavit of Diligent Search.

■ The court of appeals did not reach the constitutional issues Michael raised because the court decided the case in his favor on the basis of statutory law. The notice here had to satisfy "the Iowa statutory test as well as the test of due process under the Fourteenth Amendment." *Hewitt,* 272 N.W.2d at 855. Because we reach the same result as the court of appeals, we likewise confine our analysis to Iowa statutory law.

■ Regarding termination proceedings, Iowa Code section 232.112(1) provides the following concerning notice:

Persons listed in section 232.111, subsection 4 [living parents of the child are among those listed], shall be necessary parties to a termination of parent-child relationship proceeding and are entitled to receive notice and an opportunity to be heard, *except that notice may be dispensed with in the case of any such person whose name or whereabouts the court determines is unknown and cannot be ascertained by reasonably diligent search....*

Iowa Code § 232.112(1) (emphasis added). In short, the district court may dispense with notice in termination proceedings provided that the parent's name or whereabouts is unknown *and* cannot be ascertained by a reasonably diligent search.

The issue boils down to whether Michael's whereabouts were unknown and whether a "reasonably diligent search" was made to determine his whereabouts. We give the State the benefit of the doubt and assume Michael's whereabouts were unknown at the times material to the termination proceeding.

■■ The case then turns on whether the State made a "reasonably diligent search" to determine Michael's whereabouts so notice could be served on him. That question depends on what constitutes a "reasonably diligent search." In *Qualley v. State Federal Savings & Loan,* the court of appeals considered the question and stated:

A diligent search is measured not by the quantity of the search but the quality of the search. In determining whether a search is diligent, we look at the attempts made to locate the missing person or entity to see if attempts are made through channels expected to render the missing identity. While a reasonable search does not require the use of all possible or conceivable means of discovery, it is an inquiry that a reasonable person would make, and it must extend to places where information is likely to be obtained and to persons who, in the ordinary course of events, would be likely to have information of the person or entity sought. Whether all reasonable means have been exhausted has to be

determined by the circumstances of each particular case.

487 N.W.2d 353, 355 (Iowa Ct.App.1992) (citations omitted).

In *Qualley*, the court of appeals was dealing with whether a diligent search for an assignee of a vendee's interest in a real estate contract subject to forfeiture was made so as to allow notice by publication. Interestingly, the court of appeals in determining what constitutes a diligent search relied on a Nebraska case where the diligent search question arose in the context of a termination-of-parental-rights case. *See id.* (citing *In re A.W.*, 224 Neb. 764, 401 N.W.2d 477, 479 (1987) (search for mother whose parental rights were sought to be terminated fell short of being reasonably diligent to justify service by publication rather than by any other method of service provided by statute; court vacated the termination judgment)).

In *In re A.W.* the court, applying essentially the same test quoted above, gave these reasons why the search was not reasonably diligent:

It is significant that the person charged with the responsibility to locate appellant, remarkably enough an employee of the very court required to pass upon the quality of the search, did not himself contact appellant's mother. A reasonably prudent person could reasonably expect appellant's mother to receive news of or from appellant. It is also significant that neither he nor anyone else asked appellant's mother what address she last had for appellant .... [A] search which makes no effort to determine where the subject of the search was last known to be and which makes no effort to check whether the subject is still there cannot be considered reasonably diligent. As a consequence of the failure to make proper inquiry, the search for appellant focused in Omaha,

where she was known not to be, rather than in Oxnard, California, where she had been known to be.

401 N.W.2d at 480.

We adopt the test the court of appeals used in *Qualley*, which in turn was based on the test used in *A.W.* Applying that test, we conclude, for reasons that follow, the affidavit here falls short of establishing that a diligent search was conducted to justify dispensing with notice.

■ The affidavit filed by an investigator of the Polk County Attorney's office details the search the investigator conducted which was unsuccessful in locating Michael. According to the affidavit, the investigator checked with the local telephone company, the Iowa Department of Inspection and Appeals, and the Iowa Department of Corrections with no success. The investigator also checked a local city directory, records in the Polk County jail, and records in the Polk County Attorney's office which listed a local address, 1432 Dean, for Michael but he was no longer living there.

The investigator also checked with the Iowa Department of Transportation and discovered a Des Moines, Iowa address, 4136 Oxford, for Michael on his valid operator's license. A visit to that address revealed that the house was sold in December 2002, and the current owner of the residence did not know Michael's whereabouts.

The investigator found another Des Moines address, 3100 York Street, for Michael on a vehicle registration but a check of that address revealed Michael no longer lived there. A check of the Des Moines police records revealed another Des Moines address, 3923 Columbia, for Michael. The resident at that address did not know Michael.

The investigator checked employment records at the Work Force Development agency, found that Michael had worked for a company in Portland, Oregon but a check with that firm revealed Michael no longer worked for that company and company representatives did not know of Michael's whereabouts.

Finally, the investigator checked a private database service, found another address for Michael at 1626 N.W. 84th Street in Clive, Iowa. A check with the current resident at that address revealed Michael had not lived there for two years and did not know Michael's current whereabouts.

We acknowledge that the investigator's search did indeed include numerous inquiries with no success. However, the search did not include the obvious inquiries a reasonable person would make under the circumstances. For example, the investigator did not talk to the children or their caretaker, Scott, or to the children's mother. These are the people who, in the ordinary course of events, would likely have information about Michael.

Moreover, sending notices to the various addresses uncovered in an attempt to discover a forwarding address would have taken little effort. It is common for people to leave forwarding addresses when they move. We think a reasonable person under these circumstances would certainly give consideration to that idea, in light of the serious consequences that might result from notice not reaching Michael.

In short, the investigator failed to exhaust all reasonable means to discover Michael's whereabouts to ensure that he did receive notice of the termination proceeding. Because the efforts here fell short of a reasonably diligent search, we conclude Michael was denied an opportunity to be heard. Our conclusion leaves us no choice but to vacate the district court judgment of termination because it is void.

We therefore affirm the court of appeals decision and vacate the district court judgment. We remand the case for further proceedings consistent with this opinion.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT VACATED; CASE REMANDED.**