# IN THE COURT OF APPEALS OF IOWA

No. 16-0326
Filed October 26, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SCOTT CARTER WELLS,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Appanoose County, Rose Anne Mefford, District Associate Judge.

Defendant challenges his convictions, following guilty pleas, to two counts of possession of a controlled substance. **AFFIRMED.**

Julie De Vries of De Vries Law Office, PLC, Centerville, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

Scott Wells was charged with five counts of possession of a controlled substance. The charges arose out of two separate incidents in which police officers found Wells in possession of controlled substances. The charges were filed in separate trial informations and docketed with separate case numbers. Ultimately, the cases were resolved at the same time when Wells pleaded guilty in one case to possession of a controlled substance, marijuana, third offense, and in the other case possession of a controlled substance, hydromorphone, second offense, both in violation of Iowa Code section 124.401(5) (2015). The district court sentenced Wells to an indeterminate term of incarceration not to exceed two years for each offense, said sentences to be served consecutively. Wells challenges his convictions in this appeal.

Wells first contends the district court erred in issuing a bench warrant for Wells' arrest after Wells failed to appear for arraignment. He also contends his counsel was ineffective in failing to object to the issuance of the bench warrant. "It is well established that a defendant's guilty plea waives all defenses and objections which are not intrinsic to the plea." *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). Wells' guilty plea in this case waives the claims. To the extent the claims have not been waived, they are without merit. Wells does not advance any argument how the issuance of the bench warrant prejudiced his case.

Wells raises several additional claims of ineffective assistance of counsel. The first arises out of his counsel's failure to seek discretionary review of the district court's denial of Wells' motion to suppress evidence in one case. The

second arises out of his counsel's failure to file a motion to suppress evidence in the other case. Claims of ineffective assistance of counsel "need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes." Iowa Code § 814.7(1). When such claims are presented on direct appeal, however, the "court may decide the record is adequate to decide the claim or may choose to preserve the claim for determination under chapter 822." Iowa Code § 814.7(3). We conclude the record is inadequate to resolve the claims on direct appeal, and we preserve these claims for postconviction relief. *See State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006) (preserving claim for postconviction review and stating "[o]nly in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal").

**AFFIRMED.**

Vogel, P.J., concurs; Vaitheswaran, J., concurs specially.

**VAITHESWARAN, Judge** (concurring specially).

I specially concur. Wells asserts he "did not receive notice of the hearings." In my view, this is not an issue that is waived by the guilty plea. *See In re S.P.,* 672 N.W.2d 842, 845 (Iowa 2003) (stating notice "goes to the heart of the district court's jurisdiction"). I would reach the merits of Wells's notice claim.

On the merits, I would conclude the district court did not err in issuing a bench warrant for Wells's arrest for failure to appear at the rescheduled arraignment hearing. Wells concedes service is complete when mailed and proof of receipt is not constitutionally required. He also concedes "the clerk was instructed to mail notice of the hearings to" Wells, and he provides no evidence the clerk failed to follow these instructions. *See State v. Young*, No. 04-1996, 2005 WL 3299080, at *2 (Iowa Ct. App. Dec. 7, 2005) ("A notation in the corner of his arraignment order creates a presumption that the order was indeed mailed to [the defendant.] In order to show he failed to receive notice, [the defendant] must rebut the presumption that notice was served when the clerk mailed the order. [The defendant's] mere assertion he did not receive notice is not enough to rebut this presumption."). Notably, the district court scheduled an arraignment hearing and, when Wells did not appear, the court rescheduled the hearing with an all-caps directive to notify Wells. The bench warrant for Wells's arrest was only issued after Wells failed to appear a second time. Accordingly, I agree that affirmance on this issue is warranted.