**IN THE COURT OF APPEALS OF IOWA**

No. 18-0910
Filed July 18, 2018

**IN THE INTEREST OF L.J. and Z.J.,**
**Minor Children,**

**N.H., Mother,**
Appellant.

---

Appeal from the Iowa District Court for Jasper County, Steven J. Holwerda, District Associate Judge.

A mother appeals the termination of her parental rights to her two children. **AFFIRMED.**

Jane K. Odland of Odland Law Firm, PLLC, Newton, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Dusty L. Clements of Clements Law & Mediation Services, LLC, Newton, guardian ad litem for minor children.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

A mother appeals the termination of her parental rights to her two children. She contends her constitutional right to due process of law was violated when the juvenile court denied her motion to continue the termination hearing and conducted the hearing without her presence. The mother alternatively argues the statutory exception to termination contained in Iowa Code section 232.116(3)(c) (2018) should be applied to preclude termination.[1]

We agree with the State that the mother has failed to preserve error on her due process claim, as her counsel's request for a continuance did not allude to any potential constitutional violation in the event of a denial of the motion. *See In re K.C.*, 660 N.W.2d 29, 38 (Iowa 2003) ("Even issues implicating constitutional rights must be presented to and ruled upon by the district court in order to preserve error for appeal."); *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal."); *State v. Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999) ("[W]e require error preservation even on constitutional issues."); *In re K.K.*, No. 16-1089, 2016 WL 4801397, at *3 (Iowa Ct. App. Sept. 14, 2016) ("While the father's attorney moved for a continuance so the father could appear by telephone at a future date, he did not raise the due

---

[1] In the "relief sought" portion of the mother's petition on appeal, she additionally requests an additional six months to work toward reunification with her children. However, because she provides no argument, supportive facts, or citations to legal authority in support of her request, we deem the extension issue waived. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *see also* Iowa R. App. P. 6.903(2)(g)(3).

process issue in the juvenile court, and we do not decide whether the denial of continuance implicated the due process clause.").

In any event, "[t]he central elements of due process are notice and an opportunity to defend." *Silva v. Emp't Appeal Bd.*, 547 N.W.2d 232, 234–35 (Iowa Ct. App. 1996); *accord In re S.P.*, 672 N.W.2d 842, 845 (Iowa 2003) ("'Notice of the hearing and an opportunity to be heard appropriate to the nature of the case is the most rudimentary demand of due process of law' in proceedings affecting parental rights to children." (quoting *Stubbs v. Hammond*, 135 N.W.2d 540, 543 (Iowa 1965))); *see also* Iowa Code § 232.112(1) (2018) (noting parents in a termination proceeding are only "entitled to receive notice and an opportunity to be heard"). Here, it is undisputed the mother had notice of the hearing and, as such, an opportunity to appear, testify, and defend, but she failed to do so. In addition, she was represented by counsel, who appeared at the hearing and cross-examined the State's only witness. Had the mother preserved error, due process was likely satisfied in this case.[2]

---

[2] *See, e.g.*, *In re A.S.*, No. 17-1564, 2018 WL 739341, at *2 (Iowa Ct. App. Feb. 7, 2018) ("Even if error had been preserved, her claim would fail; the mother received adequate notice of the petition, a hearing, representation, and the opportunity to provide testimony, and was thereby afforded due process."); *In re S.M.*, No. 17-0147, 2017 WL 1735917, at *2 (Iowa Ct. App. May 3, 2017) ("[The mother] had notice, was represented by counsel, counsel was present, and [the mother] had an opportunity to present her testimony in person. [Her] due process rights were not violated."); *In re N.H.*, No. 15-0691, 2015 WL 5577069, at *3 (Iowa Ct. App. Sept. 23, 2015) (finding no due process violation where father "was represented by counsel, who was present throughout the hearing, cross-examined witnesses, and presented the father's case to the juvenile court"); *In re N.W.*, No. 12-1233, 2012 WL 3860661, at *1 (Iowa Ct. App. Sept. 6, 2012) (finding due process was not violated where mother knew termination was imminent and she "had ample opportunity to prepare and present a defense through an alternate means, such as a deposition"); *In re J.H.*, No. 04-1384, 2004 WL 2389438, at *2 (Iowa Ct. App. Oct. 27, 2004) (finding due process satisfied where "the parent is represented by counsel at the hearing and is not denied an opportunity to present testimony by deposition at the hearing, if requested"); *In re R.C.*, No. 03-0993, 2004 WL 144242, at *2 (Iowa Ct. App. Jan. 28,

Next, the mother argues the statutory exception to termination contained in Iowa Code section 232.116(3)(c) should be applied to preclude termination. Her argument is limited to the following:

> Error was preserved because the exhibits received at the hearing and testimony from the DHS case manager . . . include ample evidence that [the children] were deeply attached to [the mother] and that [the older child] was in play therapy to address her feelings of separation and loss. To make permanent that separation and loss is not in the children's best interests. The statutory exception to termination applies in this case.

"The court need not terminate the relationship between the parent and child if . . . there is *clear and convincing evidence* that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c) (emphasis added). The application of the statutory exceptions to termination is "permissive not mandatory." *In re M.W.* 876 N.W.2d 212, 225 (Iowa 2016) (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)). "[T]he parent resisting termination bears the burden to establish an exception to termination." *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018).

There was absolutely no testimony at the termination hearing that a severance of the parent-child bond would be detrimental to the children due to the closeness of their relationship with the mother. Furthermore, the mother presented no evidence or testimony at the hearing, and she did not argue termination should be averted pursuant to section 232.116(3)(c). The State's exhibits indicate the older child is bonded to the mother, but the younger child's bond with the mother

2004); *In re J.S.*, 470 N.W.2d 48, 52 (Iowa Ct. App. 1991) ("Where a parent receives notice of the petition and hearing, is represented by counsel, counsel is present at the termination hearing, and the parent has an opportunity to present testimony by deposition, we cannot say the parent has been deprived of fundamental fairness.").

is more limited. Generally lacking in the record is clear and convincing evidence that, at the time of the termination hearing, "termination would be detrimental to the child[ren] . . . due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). We conclude the mother failed to meet her burden to establish the statutory exception to termination. *See A.S.*, 906 N.W.2d at 476. We affirm the juvenile court order terminating the mother's parental rights.

**AFFIRMED.**