# IN THE COURT OF APPEALS OF IOWA

No. 18-1452
Filed May 15, 2019

**MOLLY ARLENE DAYTON,**
Plaintiff-Appellee,

**vs.**

**PAUL ANTHONY ASBERRY,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Shawn Showers, Judge.

Paul Anthony Asberry appeals the district court's imposition of a final domestic abuse protective order. **VACATED AND REMANDED.**

Brandon J. Buck of Moore, McKibben, Goodman & Lorenz, LLP, Marshalltown, for appellant.

Rebecca L. Petig of Bierman & Bierman, PC, Grinnell, for appellee.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

We must decide whether a defendant received proper notice of a hearing following the issuance of an ex parte domestic abuse temporary protective order.

## I.    *Background Facts and Proceedings*

On July 17, 2018, Molly Arlene Dayton filed a petition for relief from domestic abuse against Paul Anthony Asberry, a man with whom she was living. The district court filed an ex parte temporary protective order the same day. The order required Asberry to "stay away from" Dayton and granted her "exclusive possession of the residence." The order scheduled a hearing for July 30, 2018.

The sheriff personally served Asberry with the petition and temporary protective order on July 17, 2018, at the house Dayton and Asberry shared. The next day, Dayton's attorney moved to reset the July 30 hearing for July 23. The district court granted the motion. There is no indication the order was personally served on Asberry.

Asberry did not appear for the July 23 hearing. The district court filed a final domestic abuse protective order the same day. Three days later, the sheriff personally served the order on Asberry at a different location than the home he previously shared with Dayton. Asberry appealed.

Asberry contends he did not receive proper notice of the order resetting the hearing. He also challenges the evidence supporting the final protective order. We find the notice issue dispositive.

## II.    *Notice*

Iowa Code section 236.4(1) (2018) states: "Not less than five and not more than fifteen days after commencing a proceeding and upon notice to the other

party, a hearing shall be held at which the plaintiff must prove the allegation of domestic abuse by a preponderance of the evidence." With a few limited exceptions, a hearing is mandatory. *Abbenhaus v. Flannegan*, No. 08-2006, 2008 WL 2906627, at *1 (Iowa Ct. App. July 30, 2008) ("The legislature's use of the word 'shall' imposes a duty and is mandatory when addressed to public officials.").

Asberry concedes he was personally served with notice of the originally-scheduled hearing. Asberry also concedes the Iowa Rules of Civil Procedure and the domestic abuse statute authorize service of later-filed documents by mail. *See* Iowa Code § 236.7(1) ("A proceeding under this chapter shall be held in accordance with the rules of civil procedure . . . ."); Iowa Ct. Rs. 1.442(2) ("Service shall be made by delivering, mailing, or transmitting by fax (facsimile) a copy to the attorney or to the party at the attorney's or party's last known address or, if no address is known, by leaving it with the clerk of court."), 1.442(6) ("Immediately upon the entry of an order or judgment the clerk shall serve a notice of the entry by mail in the manner provided for in this rule upon each party except a party against whom a default has been entered and shall make a note in the docket of the mailing."). Asberry focuses on where the order rescheduling the hearing was sent. He argues "if the [o]rder was sent, it would be sent [to his] last known address which would be the residence which [he] was prohibited from visiting." In his view, due process required more. We need not reach the question of what due process requires because the notice issue may be resolved on statutory grounds. *See In re S.P.*, 672 N.W.2d 842, 846 (Iowa 2003).

As noted, section 236.4(1) requires notice to the other party of a hearing on the allegation of domestic abuse. Iowa Code § 236.4(1). Asberry's assumption that the rescheduling order was mailed to the address of the home he shared with Dayton is a reasonable one. The only contact information in the record at that point was the address of the shared home; the docket sheet simply stated "cc-deft," suggesting the default mailing option was used; and there was no sheriff's return of service reflecting personal service. Dayton essentially concedes the scheduling order was mailed rather than served by other means.

Mailing of the rescheduling order to the last known address was not a method of service reasonably calculated to apprise Asberry of the hearing because, as of the evening of July 17, Asberry had no right to be at the address. Indeed, he was personally served with the final protective order at a different address, lending credence to his assertion that notice mailed to the house he shared with Dayton was tantamount to no notice.

Adding to the inequity was the compressed time frame between the original order and the rescheduling order. Dayton's attorney filed the motion to reschedule the hearing at 6:51 a.m. on July 18, less than thirteen hours after Asberry was served with notice of the original hearing. The district court granted the motion at 8:35 a.m. While the rules authorize service on an attorney, Asberry would have been hard-pressed to contact an attorney let alone secure representation within this time frame. *See* Iowa Ct. R. 1.442(2) ("Service upon a party represented by an attorney shall be made upon the attorney unless service upon the party is ordered by the court.").

Under the unique procedural posture of this case, we conclude service by mail, while authorized, was not truly "notice to the other party" as required by section 236.4(1). Personal service was the only means that would have reasonably apprised Asberry of the rescheduled hearing date. In the absence of personal service, we vacate the final domestic abuse protective order and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**