# IN THE COURT OF APPEALS OF IOWA

No. 19-1711
Filed December 18, 2019

**IN THE INTEREST OF G.O.,**
**Minor Child,**

**A.O., Father,**
　　Appellant.

_____

Appeal from the Iowa District Court for Butler County, Peter B. Newell, District Associate Judge.

A father appeals the termination of his parental rights.  **AFFIRMED.**

Elizabeth M. Wayne of Papenheim Law Office, Parkersburg, for appellant father.

Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant Attorney General, for appellee State.

Elizabeth A. Batey of Vickers Law Office, Greene, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., Mullins, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**VOGEL, Senior Judge.**

The father of G.O., born October 2018, appeals the termination of his parental rights under Iowa Code section 232.116(1)(h) and (*l*) (2019).  The father asserts (1) the court should have continued the hearing because he did not receive proper notice of the hearing, (2) the State failed to present clear and convincing evidence warranting termination, and (3) termination is not in the best interests of the child.  On our de novo review, *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016), we find no merit to his arguments and affirm.[1]

Just four days after G.O.'s birth, and while she remained hospitalized, a temporary order was entered, placing her legal custody in the Iowa Department of Human Services (DHS) and care with family members.  The mother admitted to using both methamphetamine and marijuana throughout the pregnancy, which likely caused G.O.'s numerous health issues, including her critically poor kidney function.  The father also admitted to a long history of methamphetamine use and was currently charged with various drug offenses.

DHS offered the family services; the father completed a substance-abuse evaluation but failed to follow through with recommended treatment.  With the father failing to make progress toward reunification, the State petitioned for termination of the parent-child relationship on May 17, 2019.  Although the court ordered the father to file an affidavit of financial status if he desired to have counsel appointed for him, the father failed to take any steps to secure this assistance.  The matter came on for hearing on June 26; the father appeared, requesting a continuance and that counsel be appointed to represent him.  With the financial

---

[1] The mother's parental rights were also terminated; she did not appeal.

affidavit completed, the court appointed counsel and granted the continuance. In open court and by written order, the court advised the father that it was continuing the hearing until September 4.[2] After several attempts by the sheriff to personally serve the father, he was finally personally served on the day set for the termination hearing, in the parking lot of the courthouse. The father appeared for the hearing with counsel and requested another continuance. He acknowledged through counsel that he knew of the date and time for the hearing, and the court denied the continuance.

On appeal, the father again asserts the court should have granted a second continuance of the termination hearing because he was improperly served with notice of termination. We review the denial of a motion for continuance for an abuse of discretion. *In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996). The father correctly cites Iowa Code section 232.112(3), which provides notice by personal delivery "shall be served not less than seven days prior to the hearing."

> When any aspect of a normal service process is dispensed with, a review of the facts is required to determine the appropriate level of diligence by the state and the type of notice required. The notice must be reasonably calculated to apprise the parent of the pending proceeding in light of the circumstances concerning that particular parent.

*In re R.E.*, 462 N.W.2d 723, 724 (Iowa Ct. App. 1990). As the juvenile court found, the father was notified in person of the date and time during the originally scheduled hearing on June 26 and in the written order of the same date. He then appeared with counsel at the rescheduled September 4 hearing. We conclude this

---

[2] The order stated: "The Court advised the parties that these matters would be rescheduled for a hearing on the 4th day of September, 2019, at 1:30 p.m. in the Butler County Courthouse, Allison, Iowa."

notice of the termination hearing was sufficient and the juvenile court did not abuse its discretion in denying the father's second motion to continue. *See id.* at 727 (finding a mother had sufficient notice of the termination of her parental rights where the mother participated in the CINA action that preceded termination, her attorney had notice of termination, and the State performed a reasonably diligent search to serve the mother).[3]

We turn next to review whether the State proved by clear and convincing evidence the father's rights should be terminated under Iowa Code section 232.116(1)(h).[4] *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) (stating that when rights are terminated on more than one statutory ground, the reviewing court may affirm the juvenile court's order on any ground supported by the record). We review termination proceedings de novo. *Id.* at 773. The father asserts the State

---

[3] We have since relied on *R.E.*, 462 N.W.2d 723, multiple times in finding parental rights may be terminated even when the parent has not received notice as described in section 232.112(3). *See In re E.F.*, No. 18-0656, 2018 WL 3302153, at *3 (Iowa Ct. App. July 5, 2018); *In re B.C.-W.*, No. 17-1612, 2017 WL 6514008, at *2 (Iowa Ct. App. Dec. 20, 2017); *In re W.G.*, No. 17-1105, 2017 WL 4051006, at *2 (Iowa Ct. App. Sept. 13, 2017); *In re N.K.*, No. 17-0935, 2017 WL 3525335, at *1 (Iowa Ct. App. Aug. 16, 2017); *In re L.H.*, No. 16-1653, 2017 WL 1278336, at *2 (Iowa Ct. App. Apr. 5, 2017); *In re A.D.W.*, No. 12-1060, 2012 WL 3200891, at *4 (Aug. 8, 2012); *In re Q.S.*, No. 07-1434, 2007 WL 3377835, at *1 (Iowa Ct. App. Nov. 15, 2007); *In re S.M.*, No. 00-1220, 2001 710147, at *2 (Iowa Ct. App. June 13, 2001).

[4] Iowa Code section 232.116(1)(h) provides termination is warranted if,
> The court finds that all of the following have occurred:
> > (1) The child is three years of age or younger.
> > (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> > (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> > (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

failed to prove G.O. would be subjected to adjudicatory harm as provided in section 232.102 if returned to his care. Yet, the father has never shown he could safely parent the child, has only sporadically attended offered visits, and has not complied with offered services to move toward reunification. He testified that he was essentially homeless—occasionally staying "at a buddy's house" or "sleeping in my vehicle"—and admitted the child could not go home with him at the time of the hearing. He claimed he last used methamphetamine three weeks before the September 4 hearing, which was his longest period of sobriety since G.O.'s birth. It was apparent to the juvenile court—and on our review, we agree—that G.O.'s safety would be in jeopardy if she were returned to her father without substantial changes in the father's life, which he had failed to make prior to the hearing.

G.O. has continued to improve medically since her birth, but she still requires a controlled environment to minimize infections that affect her developing kidneys. She also requires a rigid feeding schedule with specialized formula and medications to ensure adequate nutrition. She has been hospitalized several times since her birth and has had over twenty-four medical appointments. The foster family kept the father informed of all of the medical appointments, but he only attended three. G.O.'s safety is critical to her survival, and we thus affirm the juvenile court's finding she could not be returned to the custody of her father without suffering adjudicatory harm under section 232.116(1)(h).

Finally, the father claims termination is not in G.O.'s best interests.[5] *See* Iowa Code § 232.116(2). However, he does not support his claim with any facts

---

[5] The father's final argument conflates the best-interests determination under section 232.116(2) with an examination of the bond between parent and child. His bond argument is better addressed under the permissive factors of subsection (3). *See* Iowa Code

that would weigh against termination. *See* Iowa R. App. P. 6.903(2)(g)(3); *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."). He has not begun the recommended substance-abuse treatment. Further, he has not even completed an evaluation for his mental-health issues, which include depression and anger outbursts. He is essentially homeless and has no demonstrated ability to care for a young child, especially one who needs specialized medical care. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (stating that a child's safety and need for a permanent home are the "defining elements" in determining a child's best interests); *see also In re E.B.L.*, 501 N.W.2d 547, 550–51 (Iowa 1993) (holding the individual child's needs and best interests should be taken into consideration when determining if the parent is capable of parenting that child). We agree with the juvenile court that termination of the father's parental rights is in G.O.'s best interests, and we find no impediments to termination.

**AFFIRMED.**

Mullins, J., concurs; Vaitheswaran, P.J., dissents.

---

§ 232.116(3)(c) ("The court need not terminate the relationship between the parent and the child if" it finds "that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."). While the hearing included testimony about a bond between the father and G.O., we find this bond does not preclude termination for the same reasons discussed above.

**VAITHESWARAN, Presiding Judge** (dissenting).

I respectfully dissent. "Biological parents have a due process right to notice and a hearing before termination of their parental rights may occur." *In re J.C.*, 857 N.W.2d 495, 506 (Iowa 2014). By statute, the notice is to be "served not less than seven days prior to the hearing on termination of parental rights." Iowa Code § 232.112(3). The only exception is "in the case of any such person whose name or whereabouts the court determines is unknown and cannot be ascertained by reasonably diligent search." *Id.* § 232.112(1).

According to a return of service filed on July 1, 2019, the sheriff attempted to personally serve the father with notice of the termination petition on June 22, 2019, but was "unable to serve" him because he was "believe[d] to be living in Cedar Falls." Almost two months later, a second return of service was filed stating the sheriff made four attempts to serve the father at his house in New Hartford, Iowa, notwithstanding the earlier indication that the father was living in Cedar Falls. The second return contained a statement that the father "stays in Waterloo in Apt. with friends near Pathways." Apparently no service attempts were made at that location. On this record, I am not convinced the father's whereabouts were "unknown or [could] not be ascertained by reasonably diligent search."

Nor am I convinced that the "diligent searches" referenced in the returns satisfied the standard articulated by the supreme court. *See In re S.P.*, 672 N.W.2d 842, 846 (Iowa 2003) (stating a diligent search "must extend to places where information is likely to be obtained and to persons who, in the ordinary course of events, would be likely to have information of the person or entity sought" (citation omitted)). As early as June 2019, the sheriff became aware that the father might

be living in the Cedar Falls area. There is no indication that lead was pursued. *See id.* at 848 (noting investigator's search included "numerous inquiries" but "did not include the obvious inquires a reasonable person would make under the circumstances").

Finally, actual notice of the proceeding is no substitute for statutorily-mandated notice and, in this case, notice compelled by due process. *See State v. Kaufman*, 201 N.W.2d 722, 723–24 (Iowa 1972). Accordingly, I would conclude the father's awareness of the hearing date did not obviate the need to serve him with notice of the termination proceeding at least seven days before the termination hearing. I would reverse and remand.