# IN THE COURT OF APPEALS OF IOWA

No. 21-0330
Filed May 26, 2021

IN THE INTEREST OF N.K.,
Minor Child,

A.S.F., Mother,
          Appellant.

_____

Appeal from the Iowa District Court for Boone County, James B. Malloy, District Associate Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Ashley M. Sparks of Neighborhood Law Group of Iowa, P.C., West Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Emily DeRonde of DeRonde Law Firm, PLLC, Johnston, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Vaitheswaran and Mullins, JJ.

**BOWER, Chief Judge.**

A mother appeals the termination of her parental rights to her child, N.K., born in September 2019.[1] Because grounds for termination exist under Iowa Code section 232.116(1)(h) (2020),[2] termination of parental rights is in the child's best interests, and no permissive exception weighs against termination, we affirm.

We review termination of parental rights proceedings de novo. *A.B.*, 815 N.W.2d at 773. We give weight to the findings of the court but are not bound by them. Iowa R. App. P. 6.903(4)(g).

Iowa Code section 232.116(1)(h)

> provides that termination may be ordered when there is clear and convincing evidence that a child under the age of three who has been adjudicated a [child in need of assistance (CINA)] and removed from the parent['s] care for at least the last six consecutive months cannot be returned to the parent['s] custody at the time of the termination hearing.

*In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

The mother first asserts the termination petition should have been dismissed for "lack of notice." This contention is based upon the omission of the subsection numeral (1) after the code section in the petition. We are not persuaded the omission requires dismissal.

"Notice of the hearing and an opportunity to be heard appropriate to the nature of the case is the most rudimentary demand of due process of law in

---

[1] The father's rights were also terminated. He does not appeal.

[2] The juvenile court also found termination was appropriate under Iowa Code section 232.116(1)(e). Because we find termination was proper under paragraph (h), we need not address the alternative ground. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record.").

proceedings affecting parental rights to children." *In re S.P.*, 672 N.W.2d 842, 845 (Iowa 2003) (citation omitted).

> To allow the parent to prepare for the hearing and defend against the allegations, due process requires the child and his parents or guardian be notified, in writing, of the specific charge or factual allegations to be considered at the hearing, and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation.

*In re B.E.*, 875 N.W.2d 181, 187 (Iowa Ct. App. 2015) (internal quotation marks and citations omitted).

Here, the termination petition states:

> The parent-child relationship now existing between the child and the parents should be terminated because of the grounds specified in § 232.116 Iowa Code as follows:
>
> (e) (1) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>
> (2) The child has been removed from the physical custody of the child's parents for a period of at least six consecutive months.
>
> (3) There is clear and convincing evidence that the parents have not maintained significant and meaningful contact with the child during the previous six consecutive months and have made no reasonable efforts to resume care of the child despite being given the opportunity to do so.
>
> (h) (1) The child is three years of age or younger.
>
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
>
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The petition thus quotes the paragraphs (e) and (h) of subsection (1) in their entirety. We are convinced the mother had notice of the specific factual allegation

to be considered at the hearing. The juvenile court did not err in denying the motion to dismiss.

Turning to the mother's substantive claims, she asserts there is not clear and convincing evidence to establish the grounds to terminate her parental rights, termination of her parental rights is not in the child's best interests, and the strong bond between her and the child should preclude termination.

*Grounds exist.* The mother concedes the child is under three years of age, was adjudicated a CINA on November 4, 2019, and has been out of her custody for more than a year—which is twice the statutory period. *See* Iowa Code § 232.116(1)(h)(1)–(3). She argues, though, the State has failed to prove the child cannot be returned to her at the present time. Section 232.116(1)(h)(4)'s reference to "the present time" means at the time of termination hearing. *In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014); *D.W.*, 791 N.W.2d at 707.

The mother has a long-standing substance-abuse addiction. *See A.B.*, 815 N.W.2d at 776 ("We have long recognized that an unresolved, severe, and chronic drug addiction can render a parent unfit to raise children."). The mother had a child prior to N.K., who also was removed from the mother's care after testing positive for methamphetamine. N.K.'s umbilical cord tested positive for methamphetamine and marijuana at birth. The mother finally entered an inpatient-treatment program on September 21, 2020—about a year after N.K.'s removal and after the termination-of-parental-rights petition was filed. The mother admitted she continued to use methamphetamine throughout the juvenile court proceedings and she tested positive for methamphetamine at the time she entered treatment. She was about six months pregnant at admission. At the time of the December 2020

termination hearing, the mother was soon to give birth to a child and had been substance free for about eighty days. It is clear the mother's substance-abuse issues are far from resolved.

She argues N.K. could be returned to her custody in the treatment facility because there was a support system there for herself and the child. However, the facility programmers did not recommend N.K. be returned to the mother yet because she was at the beginning phases of treatment and had just started to engage in programming. We agree with the juvenile court's findings:

> [The mother] has made attempts, but has reverted to old behaviors [and] continued to use methamphetamine for the last year while the CINA case was pending. At the time of the termination hearing, she was in the House of Mercy program, but tested positive for methamphetamine use on the day she was admitted and is pregnant with another child and continuing to use methamphetamine with a knowledge of the dangers that she is exposing her unborn child to. As a result of the parents' choices, [N.K.] cannot return to either parent at this time. Despite the services provided, the parents have not been able to make the changes needed to effectively parent their child. They are not able to meet their own physical, mental, and emotional needs, much less that of their child. Termination of their parental rights and adoption will allow for [N.K.] to continue to experience a safe and stable home.

*Termination is in the child's best interests.*[3] We encourage the mother to remain in treatment. Yet, N.K. has waited more than a year for her mother to learn

---

[3] Statutory best interests are defined in section 232.116(2):

> In considering whether to terminate the rights of a parent under this section, the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child. This consideration may include any of the following:
>
> . . . .
>
> (b) For a child who has been placed in foster family care by a court or has been voluntarily placed in foster family care by a parent or by another person, whether the child has become integrated into

to be a parent and provide a stable home.  She cannot wait any longer.  *See id.* at 777 ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (citation omitted)).

N.K. has resided with the foster parents for all but one month of her life.  She has bonded with them and sees them as her parents.  They have provided a stable, loving home.  They are interested in adopting her, and that is the recommendation of the DHS and the child's guardian ad litem.  We conclude termination of the mother's parental rights and adoption is in the child's best interests.

*The parent-child bond does not preclude termination of parental rights.*  The exceptions to termination of parental rights found under section 232.116(3) are permissive, not mandatory.  *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018).  It is within the court's discretion to consider the circumstances of the case and the best interests of the child in determining whether to apply the factors.  *A.M.*, 843 N.W.2d at 113.  One such factor allows avoidance of termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship."  Iowa Code § 232.116(3)(c).  This record does not establish such a close bond.  The mother claims there is a "strong bond" between her and the child, but there is no evidence

---

the foster family to the extent that the child's familial identity is with the foster family, and whether the foster family is able and willing to permanently integrate the child into the foster family.

the mother's relationship with N.K. is so close it would be detrimental to N.K. if termination occurred.  We therefore affirm the termination of the mother's parental rights.

**AFFIRMED.**