**IN THE COURT OF APPEALS OF IOWA**

No. 22-1446
Filed December 21, 2022

**IN THE INTEREST OF A.G.,**
**Minor Child,**

**C.G., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Pottawattamie County, Charles D. Fagan, District Associate Judge.

　　A father appeals the termination of his parental rights. **AFFIRMED.**

　　Sara E. Benson of Meldrum & Benson Law, P.C., Council Bluffs, for appellant father.

　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

　　Maura C. Goaley, Council Bluffs, attorney and guardian ad litem for minor child.

　　Considered by Vaitheswaran, P.J., and Ahlers and Buller, JJ.

**BULLER, Judge.**

The legal father of a child appeals from an order terminating his parental rights to A.G., born in 2020. A paternity test taken during the course of the proceedings established that the legal father was not the biological father. Neither the mother or biological father appeal termination. The legal father challenges whether the termination hearing should have proceeded without him, but he does not challenge the merits of termination. We find that the father did not ask to personally participate in the termination proceedings. We therefore affirm.

Much of the factual development below relates to the biological mother of the child. Methamphetamine looms large in her life. By her own admission, she is a lifelong methamphetamine user and repeatedly failed to complete both outpatient and inpatient treatment during the life of the case. She used methamphetamine and marijuana while pregnant. And she could not provide a suitable home for the child after birth, leading to a finding that the child was in need of assistance and the termination proceedings that give rise to this appeal.

The legal father is incarcerated in federal prison and has been throughout the child-in-need-of-assistance and termination proceedings. So far as the record discloses, it appears the legal father never met the child. The legal father remotely participated in various proceedings by Zoom but, after learning that he was not the biological father, he informed the juvenile court at the permanency hearing that he intended to consent to termination. The record was left open for the legal father to file a written consent to termination, but (for reasons unknown) that never happened. The record is silent about why the legal father was not present at the termination hearing by Zoom, but he makes no claim that he did not receive notice.

Counsel for the legal father was present at the hearing. The legal father's counsel said nothing about the legal father's desire to attend or participate, but counsel did expressly relay that the legal father intended to consent to termination under Iowa Code section 232.116(1)(a) (2022) ("The parents voluntarily and intelligently consent to the termination of parental rights and the parent-child relationship and for good cause desire the termination."). The court found a lack of evidence to terminate the legal father's parental rights under section 232.116(1)(a) but did terminate his rights under section 232.116(1)(e) and (h).

The legal father's sole challenge on appeal concerns his absence from the termination hearing. The State contests whether error was preserved, focusing on how the father's legal counsel did not seek a continuance or any other remedy to arrange for her client's participation. We conclude error was not preserved because the father never indicated he wished to participate in the proceeding. Without such a request, and a subsequent ruling by the juvenile court, we have nothing to review. *See* Iowa Code § 602.5103(1) ("The court of appeals . . . constitutes a court for the correction of errors at law."); *In re M.L.H.*, No. 16-1216, 2016 WL 4803999, at *1 (Iowa Ct. App. Sept. 14, 2016) (finding the father did not preserve error on appeal after he failed to appear for the termination hearing and his "attorney stated the father had essentially 'given up'").

We also note that, if the legal father's absence at the termination hearing implicated procedural due process, the fundamental obligation to afford a parent notice and an opportunity for hearing was satisfied. *See In re S.P.*, 672 N.W.2d 842, 845 (Iowa 2003). The father had notice, he appeared at prior hearings, and his attorney conveyed his intent to consent to termination of his parental rights.

**AFFIRMED.**